**Robert Earl FAUVER, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4417.**

Court of Civil Appeals of Texas, Eastland.

Nov. 20, 1970.

Rehearing Denied Dec. 18, 1970.

George T. Thomas, Big Spring, for appellant.

W. H. Eyssen, Jr., Big Spring, Bennie Bock, II, Asst. Atty. Gen., Austin, for appellee.

COLLINGS, Justice.

This is an appeal by Robert Earl Fauver from a summary judgment of the County Court in favor of the Department of Public Safety finding appellant to be guilty of being an habitual violator of the traffic law as ground for suspension of his operator's license as specified by Section 22(b), par. 3 of Article 6687b of Vernon's Ann. Revised Civil Statutes of Texas. The judgment provided that the Department should suspend appellant's license for a period of twelve months.

The applicable portions of Section 22 of the statute in question read as follows:

"(a) Upon such hearing, the issues to be determined are whether the license shall

be suspended or whether the license shall be revoked, and, in the event of a suspension, the length of time of the suspension, which shall not exceed one (1) year. The officer who presides at such hearing shall report the finding to the Department which shall have authority to suspend the license for the length of time reported; provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo. Notice by registered mail to the address shown on the license of licensee shall constitute service for the purpose of this section.

(c) In all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) or Section 31, such trials shall be de novo as that term is used and understood in appeals from Justice of the Peace Courts to County Courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and effect, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. * * * "

Appellant does not question the fact that under the statute the findings that he was an habitual violator of the traffic laws so as to support a suspension of his license and that his license should be suspended are matters properly determinable by summary judgment. However, appellant does contend in effect that since the length of suspension of an operator's license is not set by the statute, except that it cannot exceed one year, the trial court may not give summary judgment on the duration of suspension and that the court erred in determining by summary judgment the length of appellant's license suspension. We agree with this contention.

According to the statute the issues for determination in such cases is whether the license of a violator should be suspended, and if so, the length of time of the suspension. The statute does not establish the duration of the suspension except to provide that it shall not exceed one year. The length of time of the suspension is required by the statute to be determined by the County Court "under rules governing the trial of other civil suits." Lewis v. Texas Department of Public Safety, 407 S.W.2d 855 (Tex.Civ.App.1966, no writ hist.). The question of the length of the suspension of a driver's license in such cases is thus a matter within the discretion of the court under the facts and circumstances in evidence.

It is well settled that in a summary judgment hearing the burden is on the movant to show that there is no genuine dispute of any material issue of fact and that the movant is entitled to judgment as a matter of law. The situation in our opinion, as urged by appellant, is comparable to cases where the facts in evidence establish as a matter of law the liability of defendant, but there is a question of fact concerning the amount of damages or the amount of the attorney's fees to which the plaintiff is entitled. The issue concerning the length of time that appellant's driver license should be suspended, being within the discretion of the court under the facts and circumstances in evidence, is one of fact. Appellant was entitled to have such issue determined by the Judge or a jury upon a trial of the case. That issue was not properly determinable upon motion for summary judgment. Jindra v. Jindra, 267 S.W.2d 287 (Tex.Civ.App.1954, Ref. N.R.E.). Smith v. Texas Discount Company, 408 S.W.2d 804 (Tex.Civ.App., 1966, no writ hist.).

For the reasons stated the judgment is reversed and the cause is remanded.