**Daniel K. HENNESSY and Max Hatfield, Relators,**

v.

**Honorable John McClellan MARSHALL, Respondent.**

**No. 05–84–01067–CV.**

Court of Appeals of Texas, Dallas.

Oct. 29, 1984.

M. David Bryant, Jr., Dallas, for relators.

Ric L. Floyd, Smith, Underwood, Carmichal & Floyd, Dallas, for respondent.

Before AKIN, ALLEN and GUILLOT, JJ.

AKIN, Justice.

Relators seek a writ of mandamus requiring respondent, the Honorable John Marshall, Judge of the 14th Judicial District Court of Dallas County, to vacate an order rendered October 1, 1984, which ordered relators to appear and give their deposition and which denied relators' motion to quash the subpoenas. This order was predicated on an earlier ex parte order, dated September 17, 1984, in which the trial court recognized an English judgment under TEX.REV.CIV.STAT.ANN. art. 2328b–6 (Vernon Supp.1984), known as the Uniform Foreign Country Money-Judgment Recognition Act ("the Recognition Act"), and TEX.REV.CIV.STAT.ANN. art. 2328b–5 (Vernon Supp.1984), known as the Uniform Enforcement of Foreign Judgments Act ("the Enforcement Act").

The question presented is whether the English judgment can be recognized under the Recognition Act and enforced under the Enforcement Act absent a plenary suit and hearing. We hold that (1) it cannot be so recognized and enforced, (2) because the English judgment was not entitled to recognition or enforcement, the trial court's order of September 17, 1984, is void and (3) because the trial judge's order of September 17, 1984, is void, the trial court abused its discretion by his order of October 1, 1984, ordering relators deposed and denying relators' motion to quash. Accordingly, we grant leave to file the application for writ of mandamus and conditionally grant the writ.

### Procedural Background

The discovery order of October 1, 1984, resulted from attempts to enforce a default judgment rendered by an English court. Relators were not parties to that judgment but have been subpoenaed to appear and give their depositions in aid of post-judgment discovery. The underlying English judgment, a default judgment granted to Zealcastle Limited Trading as London Park Tower Casino against Abdul Wahab Galadari a/k/a Abdul Wahab Bin Ebrahim Galadari, was filed with the District Clerk of Dallas County. Notice of the filing was mailed to Galadari by both the district clerk and Zealcastle's attorney. Several days after the filing, on September 17, 1984, the trial judge signed an order pursuant to the Recognition Act and the Enforcement Act. The trial court found that these two Acts had been satisfied and that the English judgment was valid and enforceable in the same manner as a judgment of the State of Texas, just as though the English judgment was that of a sister state. The trial court subsequently signed an order on October 1 directing relators to provide post-judgment discovery, which order precipitated the filing of the application for leave to file writ of mandamus in this court.

*Do the Relators Have Standing?*

■ We must initially decide whether relators have standing to file the application for writ of mandamus because they were not parties to the underlying English judgment or the trial court order domesticating it. As explained below, we hold that the trial court's order recognizing and enforcing the foreign country judgment is void and the subsequent order compelling relators to appear for deposition is an abuse of discretion. Because no viable alternative exists for relators to obtain relief from this void order,[1] we hold that the relators have standing to file their application and we hereby grant leave to file the application for writ of mandamus.

*Was the Trial Court's September 17, 1984, Order Void?*

■ The Enforcement Act provides for enforcement of a "foreign judgment" by filing an authenticated copy of it with the clerk of any court of competent jurisdiction in the state. By complying with this Act, a judgment creditor may use the same procedures for enforcing or satisfying the foreign judgment as are available for enforcement or satisfaction of a judgment of a Texas court. TEX.REV.CIV.STAT.ANN. art. 2328b–5, § 2 (Vernon Supp.1984). A "foreign judgment" is defined as "a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." TEX.REV.CIV.STAT.ANN. art. 2328b–5, § 1 (Vernon Supp.1984).

■ Relators contend that the underlying English judgment in this case is not a "foreign judgment," as defined above, and that it can be recognized and enforced only after a plenary hearing. On the other hand, respondent argues that section 4 of the Recognition Act mandates that the English judgment be given "full faith and credit," just as that afforded a sister-state judgment, by merely filing that judgment.

We agree with relators that the English judgment can be recognized and enforced only after plenary hearing.

Our holding is mandated by the language of section 4 of the Recognition Act which provides:

## RECOGNITION AND ENFORCEMENT

*Except as provided in Section 5 of this Act,* a foreign country judgment meeting the requirements of Section 3 is *conclusive between the parties to the extent that it grants or denies recovery of a sum of money.* The foreign country judgment is enforceable in the same manner as the judgment of a sister state that is entitled to full faith and credit. [Emphasis added]

As we read this language, the first sentence of this section concerns *recognition* of a foreign country judgment and makes the foreign country judgment "conclusive between the parties to the extent that it grants or denies recovery of a sum of money." The last sentence pertains, however, to *enforcement* of the foreign country judgment *after* that judgment has been recognized. Thus, the question of enforcement is not material until the foreign country judgment has first been recognized.

■ Under the express language of section 4, we must first look to section 5 of the Recognition Act to determine whether a foreign country judgment may be recognized under section 4. Section 5, entitled "grounds for nonrecognition," provides:

Sec. 5. (a) A foreign country judgment is not *conclusive* if:

(1) the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

(2) the foreign country court did not have personal jurisdiction over the defendant; or

---

1. Although we are aware that relators could obtain relief from the void order by refusing to comply with that order, they would be subject to incarceration for contempt and then would have to seek relief through habeas corpus in the supreme court. We do not consider this to be a tenable alternative to granting the relief sought in this court.

(3) the foreign country court did not have jurisdiction over the subject matter.

(b) A foreign country judgment need not be recognized if:

(1) the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to enable him to defend;

(2) the judgment was obtained by fraud;

(3) the cause of action on which the judgment is based is repugnant to the public policy of this state;

(4) the judgment conflicts with another final and conclusive judgment;

(5) the proceeding in the foreign country court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court;

(6) in the case of jurisdiction based only on personal service, the foreign country court was a seriously inconvenient forum for the trial of the action; or

(7) it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that, but for the fact that they are rendered in Texas, conform to the definition of "foreign country judgment" in section 2(2) of this Act. [EMPHASIS ADDED]

Obviously, these criteria for nonrecognition can be established only in a plenary hearing by the judgment holder against the judgment debtor. Absent such a plenary hearing, the defendant has not had an opportunity to present the matters set forth in section 5, some of which are in the nature of affirmative defenses and some of which the party seeking recognition of the foreign country judgment must affirmatively establish.

■ Section 5(b) of the Recognition Act also states that a "foreign country judgment need not be recognized" if certain conditions exist. These conditions appear to be affirmative defenses which must be asserted by the judgment debtor. It follows that, if the judgment debtor must bear these burdens, he must be afforded both notice and an opportunity to be heard in accord with due process requirements.

■ Our construction of section 4 is additionally supported by the language of section 6 of the Recognition Act which states that a foreign country judgment shall not be refused recognition if certain criteria pertaining to personal jurisdiction over the person of the defendant have been met. That section provides:

Sec. 6. (a) The foreign country judgment shall not be refused recognition for lack of personal jurisdiction if:

(1) the defendant was served personally in the foreign country;

(2) the defendant voluntarily appeared in the proceedings, other that for the purpose of protecting property seized or threatened with seizure in the proceedings or of contesting the jurisdiction of the court over him;

(3) the defendant prior to the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign country court with respect to the subject matter involved;

(4) the defendant was domiciled in the foreign country when the proceedings were instituted, or, being a body corporate had its principal place of business, was incorporated, or had otherwise acquired corporate status, in the foreign country;

(5) the defendant had a business office in the foreign country and the proceedings in the foreign country court involved a cause of action arising out of business done by the defendant through that office in the foreign country; or

(6) the defendant operated a motor vehicle or airplane in the foreign country and the proceedings involved a cause of action arising out of such operation.

(b) The courts of this state may recognize other bases of jurisdiction.

Likewise, these matters cannot be determined absent a plenary hearing on the question of recognition.

■ Moreover, the plenary hearing which appears to be mandated by sections

5(a), 5(b), and 6 of the Recognition Act must, by the language of section 4, occur before the judgment is entitled to enforcement under section 4. The term "conclusive," as used in section 5, is the same "conclusiveness" referred to in section 4. The judgment is conclusive *only* if the criteria outlined in section 5(a) have *not* been established by the judgment creditor. It follows then that if the criteria in section 5(a) with respect to the "conclusive" nature of the foreign country judgment are not met, then the judgment is not entitled to enforcement under section 4 and the foreign country judgment is of no effect in this state. Because section 4 is expressly conditioned upon the items set forth in section 5, the drafters of the Uniform Act and the Texas legislature intended that a plenary hearing be had *before* the foreign country judgment is recognized and before enforcement of the foreign country judgment commences. Thus, recognition of the foreign country judgment under the provisions of section 4 must await a plenary hearing to determine the matters set forth in section 5.

▇ Furthermore, section 7 of the Enforcement Act, which is virtually identical to section 9 of the Recognition Act, directs that the Act "be construed to achieve its general purpose to make the law of those states which enact it uniform." TEX.REV. CIV.STAT.ANN. art. 2328b–5, § 7 (Vernon Supp.1984). Although the Recognition Act has not been previously construed in Texas, other state courts have construed it. In adherence to section 7 of the Enforcement Act, and section 9 of the Recognition Act, we agree with those sister-state decisions which have considered the question before us and have held that a judgment of a foreign country cannot be registered under the Uniform Enforcement of Foreign Judgments Act by the mere filing of the foreign country judgment. *See Dayan v. McDonald's Corporation*, 78 Ill.App.3d 194, 33 Ill.Dec. 768, 772, 397 N.E.2d 101, 105

(1979); *Zalduendo v. Zalduendo*, 45 Ill. App.3d 849, 4 Ill.Dec. 450, 453, 360 N.E.2d 386, 389 (1977); *Hager v. Hager*, 1 Ill. App.3d 1047, 274 N.E.2d 157, 160 (Ill.App. 1971); *Biel v. Boehm*, 94 Misc.2d 946, 406 N.Y.S.2d 231, 233 (N.Y.Sup.Ct.1978).[2] In accordance with these decisions, as well as our reading of the Act, we hold that a plenary suit must be filed and a plenary hearing held in a Texas court before a foreign country judgment is entitled to recognition and enforcement.

▇ It is undisputed that in the present case no plenary suit was filed and no plenary hearing held on the issue of whether the English judgment was conclusive, and therefore entitled to recognition and enforcement. As a consequence, the trial court's order of September 17, 1984, which purported to recognize the judgment as a Texas judgment, was void and of no effect. Likewise, all subsequent orders from the trial court based on the September 17, 1984, order were also void, including the October 1, 1984, order.

### Should the Writ Issue?

▇ This court has jurisdiction under TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon Supp.1984) to "issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court." The writ is available only in situations in which the law clearly forbade the trial court's action or clearly compelled trial court action. *W.W. Rodgers and Sons Produce Co. v. Johnson*, 673 S.W.2d 291, 293 (Tex.App.—Dallas 1984, no writ). In the present case, our holding that the trial court's order of September 17, 1984, was void also compels the conclusion that the law clearly forbade the trial Judge's order of October 1, 1984.

▇ On this basis, we conditionally grant the writ of mandamus. We anticipate that, in accordance with our opinion, Judge Marshall will withdraw the order of

**2.** Although these cases support our holding, we do not necessarily agree with all of the various rationales supporting these decisions.

October 1, 1984, which compels relators to give their depositions, and all subsequent orders based on the October 1, 1984, order, as well as the September 17, 1984, order, and that Judge Marshall will enter an order quashing the subpoenas directed to the relators. If Judge Marshall fails to perform any of the above actions within 3 days of the date of this opinion, the writ will issue.