**Loren A. DETAMORE, Relator,**

v.

**Honorable Tom SULLIVAN, Respondent.**

No. A14–87–202–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1987.

Rehearing Denied June 11, 1987.

Lester D. Buzbee, III, Houston, for relator.

Randall B. Ashby, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## ORIGINAL PROCEEDING WRIT OF MANDAMUS

CANNON, Justice.

This is an original petition for writ of mandamus to require the Honorable Tom Sullivan, Judge of the County Civil Court at Law Number Two of Harris County, to vacate his order for turnover of stock and to nullify recognition of the foreign country money judgment. On April 2, 1987, we granted relator leave to file the mandamus. We conditionally grant the petition.

On January 2, 1986, the Court of Queen's Bench of Alberta, Judicial District of Edmonton, granted a default judgment for $16,079.12 (Canadian dollars) plus costs of $498.58 (Canadian dollars) in favor of Continental Bank of Canada (Continental) against relator, Loren A. Detamore.

On June 24, 1986, Continental filed its Canadian default judgment and an affidavit of last known address in the Harris County Clerk's Office, requesting issuance of an abstract of judgment and a writ of execution. On July 2, 1986, the Harris County Clerk's Office issued a Corrected Abstract of Judgment and a Corrected Execution. In response to Continental's application for turnover order, on March 12, 1987, the trial court judge signed an order for turnover of relator's stock to Constable Rankin for sale under the writ of execution.

Relator contends that the foreign judgment has not been properly recognized as a Texas judgment pursuant to Tex.Civ.Prac. & Rem.Code Ann. §§ 36.001–.008 (Vernon 1986) (Chapter 36) because a plenary suit was not filed and a plenary hearing held. In support of this proposition, he relies on *Hennessy v. Marshall*, 682 S.W.2d 340 (Tex.App.—Dallas 1984, no writ). In *Hennessy*, the Dallas Court of Appeals interpreted the provisions of Tex.Rev.Civ.Stat. Ann. art. 2328b–6, §§ 4, 5, 6 (now codified

at Tex.Civ.Prac. & Rem.Code Ann. §§ 36.-001–.008 (Vernon 1986)), as requiring a plenary suit to be filed and a plenary hearing held prior to recognition and enforcement of a foreign country money judgment in order to satisfy due process.

■ While we agree with the rationale behind the *Hennessy* opinion, we cannot find any procedures within Chapter 36 providing for a plenary hearing on recognition. To incorporate procedures for a hearing into Chapter 36, where none are provided, places us in the position of judicially legislating. Thus, we cannot agree with relator's contention that Chapter 36 requires that a plenary suit be filed and a hearing be held before a foreign country money judgment is entitled to recognition and enforcement.

Alternatively, relator maintains that Chapter 36 is unconstitutional. He argues that his right to due process is violated because Chapter 36 does not provide that he be given notice and an opportunity to be heard on the conclusiveness of the foreign country judgment.

The real party in interest argues that a foreign country money judgment debtor is given an opportunity to show any grounds for nonrecognition or inconclusiveness at the time the judgment creditor seeks to register the judgment pursuant to the provisions of Tex.Civ.Prac. & Rem.Code Ann. §§ 35.001–.008 (Vernon 1986) (Chapter 35). Thus, the real party in interest argues, a judgment debtor is not denied due process. We disagree.

Registration of a foreign judgment pursuant to Chapter 35 pertains to the *enforcement* of the judgment. However, *recognition* of a foreign country money judgment is a prerequisite to its enforcement. *Hennessy*, 682 S.W.2d at 343. Thus the registration and enforcement provisions of Chapter 35 do not come into play until a foreign country judgment is recognized pursuant to Chapter 36.

Section 36.002 [1] provides, in part:

(a) This chapter applies to a foreign country judgment:

---

1. All citations are to the Texas Civil Practice and Remedies Code unless otherwise noted.

**124**

(1) that is final and conclusive and enforceable where rendered, even though an appeal is pending or the judgment is subject to appeal; or

(2) that is in favor of the defendant on the merits of the cause of action and is final and conclusive where rendered, even though an appeal is pending or the judgment is subject to appeal.

Section 36.004 provides:

Except as provided by Section 36.005, a foreign country judgment meeting the requirements of Section 36.002 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The judgment is enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit.

Section 36.005 provides the grounds upon which a judgment debtor may rely in order to show that a foreign country money judgment is not entitled to recognition. Section 36.006 provides a series of affirmative defenses for the judgment creditor to assert if the judgment debtor alleges lack of personal jurisdiction as a ground for nonrecognition.

Clearly, by drafting section 36.005, the legislature recognized that grounds exist for determining that a foreign country money judgment is not entitled to recognition and enforcement in Texas. For example, a foreign country judgment is not entitled to recognition if the foreign country court did not have personal jurisdiction over the defendant. *See* Tex.Civ.Prac. & Rem.Code Ann. § 36.005(a)(2) (Vernon 1986). However, the legislature has failed to create a procedure whereby a judgment debtor could assert those grounds for nonrecognition. Thus a judgment debtor could find himself in the procedural quandry of having a valid defense to recognition and enforcement of a foreign country judgment but being unable to assert that defense. This results in a denial of due process.

■ Thus we hold that Chapter 36 is unconstitutional because it has no provisions for a judgment debtor to receive notice and to have an opportunity to assert grounds for nonrecognition of a foreign country money judgment. Consequently, any enforcement of the foreign country money judgment is void.

Accordingly, we assume the respondent will vacate his turnover order and stay any proceedings connected therewith in accordance with this opinion.

The petition is conditionally granted.