**PLASTICS ENGINEERING INCORPORATED, Appellant,**

v.

**DIAMOND PLASTICS CORPORATION, Appellee.**

**No. 07–88–0257–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 10, 1989.

Mayfield & Perrenot, Richard B. Perrenot, El Paso, for appellant.

McNeely & Smith, O. Murray McNeely, Lubbock, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

This appeal presents a question as to the constitutionality of the Uniform Foreign Country Money–Judgment Recognition Act, Texas Practice and Remedies Code Annotated section 36.001–008 (Vernon 1986) (herein the Recognition Act). It arises by virtue of appellant Plastics Engineering Inc.'s appeal of a trial court judgment dismissing an action filed by appellant under the Recognition Act. In one point, appellant contends the trial court erred in holding the Recognition Act unconstitutional and dismissing its action. We affirm.

The judgment in question was one rendered by the Supreme Court of Judicature, Civil Division, of the Caribbean island nation of Barbados. In that judgment, appellee Diamond Plastics Corporation was required to pay appellant the sum of $16,-749.13 in United States dollars, together with interest and costs. This cause originated when appellant filed with the trial court an "Affidavit on Filing Foreign Judgment Pursuant to Enforcement of Foreign Country Money Judgment Recognition Act" and accompanying documentation to show he had given notice of the filing of the proceedings to appellee. In response, appellee answered and in that answer argued that the judgment was not entitled to recognition or enforcement because the court which rendered the judgment had no personal jurisdiction over appellee; did not provide due process of law; was an inconvenient forum; and, additionally, that Barbados does not recognize judgments rendered in this state. Subsequently, appellee filed its amended motion in which it additionally alleged that appellant was not entitled to the relief sought because no plenary hearing had been held, and none requested, by appellant to determine whether the judgment was entitled to recognition, and that the Recognition Act itself was unconstitutional.

The Recognition Act found at Chapter 36 of the Texas Practice and Remedies Code Annotated (Vernon 1986) is entitled "Enforcement of Judgments of Other Countries." In section 36.001, the Recognition Act defines "foreign country" and "foreign country judgment." Section 36.002 states that this chapter applies to a foreign country judgment that is "final and conclusive and enforceable where rendered,...." Section 36.004 provides:

Recognition and Enforcement

Except as provided by Section 36.005, a foreign country judgment meeting the requirements of Section 36.002 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The judgment is enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit.

Section 36.005 sets out grounds for non-recognition, specifically stating that a foreign country judgment is not conclusive if the foreign court (1) had procedures not compatible with the requirements of due process of law, (2) did not have personal jurisdiction over the defendant, or (3) did not have jurisdiction over the subject matter. Section 36.005 then sets out seven means by which it can be established that a foreign country judgment "need not be recognized."

There is a paucity of authority interpreting the Recognition Act, and what authority there is is in disarray. We have been cited to only two Texas cases specifically dealing with the Recognition Act and, after independent research, have found no others. Those cases are *Hennessy v. Marshall,* 682 S.W.2d 340 (Tex.App.—Dallas 1984, no writ) and *Detamore v. Sullivan,* 731 S.W.2d 122 (Tex.App.—Houston [14th Dist.] 1987, no writ). Both of these cases are those of Courts of Appeals with no writ history.

In the first case, *Hennessy v. Marshall*, 682 S.W.2d at 340, the underlying judgment was a default judgment rendered by an English court. That judgment had been filed with the District Clerk of Dallas County and notice of that filing given to the debtor by both the District Clerk and by the creditor's attorney. This was supposedly done to comply with requisites of the Uniform Enforcement of Foreign Judgments Act (Enforcement Act). (Then Tex. Rev.Civ.Stat.Ann. art. 2328b-6 (Vernon 1984), now codified as Tex.Civ.Prac. & Rem.Code Ann. §§ 36.001–008 (Vernon 1986)). Several days after the filing, the trial judge signed an order recognizing the English judgment as valid and holding it enforceable in the same manner as a judgment obtained in this state. The matter actually at issue before the Court was an application for writ of mandamus precipitated by the fact that subsequent to its entry of the above judgment, the trial court entered an order directing the judgment debtors to provide post-judgment discovery.

En route to its conditional grant of the writ, the Court made several cogent observations. The first of these, made in connection with its construction of section 36.-004 of the Recognition Act, was that the question of enforceability of the judgment does not become material until after the foreign country judgment has first been recognized. 682 S.W.2d at 343. Recognition is important because of the provision in section 36.004 that a foreign country judgment when recognized is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The benefit of that recognition to the judgment creditor and the detriment to the judgment debtor is obvious.

As the *Hennessy* Court observed, within the statute itself (section 36.005) are set out criteria for nonrecognition of the judgment. Thus, the framers in drawing the Recognition Act, and the Legislature in adopting the Recognition Act, recognized that recognition of the foreign country judgment was not automatic and that serious questions might exist as to whether it should be recognized. Those questions could only be resolved by court decision. However, nowhere in the Recognition Act itself is there prescribed any provision for notice of the attempt at recognition or mechanism for hearing and disposition of any disputes or contests as to whether the judgment deserved recognition. Therefore, the Recognition Act itself is clearly deficient in meeting due process constitutional requirements.

Appellant suggests that this is not important because contending that "a foreign-country judgment must be recognized before it can be enforced, ... does not mean that recognition is necessarily some formal procedure" and when the creditor files for enforcement of the judgment under the Enforcement Act, the notice procedures in the Enforcement Act would satisfy due process. We disagree. Once the foreign country judgment has been recognized, by express provision of the statute it becomes conclusive in its granting or denying recovery of a sum of money. That is a considerable detriment to a judgment debtor and the recognition being conclusive in that respect could not be relitigated in the enforcement proceeding.

Both the *Hennessy* Court and the Court in *Detamore v. Sullivan*, 731 S.W.2d at 122, recognized the deficiency in the statute but came to differing conclusions as to its effect. The *Hennessy* Court, looking to section 36.005 of the Recognition Act outlining the criteria for nonrecognition, concluded that the drafters of the Recognition Act and legislature intended that a plenary hearing be had before recognition of the foreign country judgment and concluded that such a hearing must be filed and heard before recognition and consequent enforcement can be had. 682 S.W.2d at 345.

The *Detamore* Court also agreed that the Recognition Act failed to create a procedure whereby a judgment debtor could assert the statutory criteria for nonrecognition. In making that observation, it aptly observed:

> Thus a judgment debtor could find himself in the procedural quandry of having a valid defense to recognition and en-

forcement of a foreign country judgment but being unable to assert that defense. This results in a denial of due process. 731 S.W.2d at 124. However, the *Detamore* Court, believing that to incorporate procedures for a plenary hearing in the Recognition Act would constitute impermissible judicial legislation, concluded that the Recognition Act as presently constituted was unconstitutional. *Id.*

We agree with both the Courts of Appeal that have considered the Recognition Act as it is now constituted and hold that it does not satisfy due process constitutional requirements. We also agree with the *Detamore* Court that to attempt to engraft procedures for a plenary hearing on the Recognition Act, where none is provided, constitutes impermissible judicial legislating. Since the Recognition Act is unconstitutional, we overrule appellant's point of error and affirm the judgment of the trial court.