**DON DOCKSTEADER MOTORS, LTD., Appellant,**

v.

**PATAL ENTERPRISES, LTD., et al., Appellees.**

No. 13–88–314–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied
Sept. 28, 1989.

Joseph R. Preston, Clark & Preston, P.C., Mission, for appellant.

Alex and Patricia Worobetz, Plaine, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Docksteader Motors, Ltd. (hereinafter referred to as "Docksteader") brought suit to enforce a foreign country judgment against Patal Enterprises, Alex Worobetz and Patricia Worobetz (hereinafter collectively referred to as "Patal"). Both parties moved for summary judgment. Docksteader's motion was denied; Patal's motion was granted. By five points of error, Docksteader contends the court erred in granting Patal's motion and denying its motion for summary judgment.

This case originated when Docksteader filed suit in the Texas state district court to enforce a foreign judgment. The foreign judgment was one rendered by a Canadian court, ordering Patal to pay Docksteader $152,377.01 in Canadian dollars together with interest and costs. Patal answered with a general denial.

Patal moved for summary judgment on two grounds: 1) that the act Docksteader was basing its recovery under (the Uniform Foreign Country Money–Judgment Recognition Act, hereinafter referred to as the "Recognition Act") is unconstitutional, and 2) that Patal established a lack of reciprocity, a ground for non-recognition, entitling it to summary judgment.

The summary judgment order does not state the specific grounds upon which it was granted, so appellant must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston (1st Dist.) 1988,

writ denied); *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ First we examine the ground concerning a lack of reciprocity from Canada. The Recognition Act provides that "A foreign country judgment *need not* be recognized if ... it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that but for the fact that they are rendered in this state, conform ·to the definition of 'foreign country judgment.' " Tex.Civ.Prac. & Rem.Code Ann. § 36.005(b)(7) (Vernon 1986).

Since the determination of whether or not to recognize the judgment under this provision is a matter for the trial court's discretion, it is not properly determinable in a motion for summary judgment. *See Fauver v. Texas Department of Public Safety,* 461 S.W.2d 206, ·207 (Tex.Civ.App. —Eastland 1970, no writ.) Even if it were determinable in a summary judgment proceeding, there is no indication in the record that the trial court exercised its discretion. Such an exercise of discretion would be dependent on the constitutionality of the Recognition Act.

■ The other ground in the motion for summary judgment challenges the constitutionality of the Recognition Act. To discuss the constitutionality of the Recognition Act we outline the pertinent provisions. Section 36.004, entitled "Recognition and Enforcement" provides:

> Except as provided by Section 36.005 [which lists grounds for non-recognition], a foreign country judgment meeting the requirements of Section 36.002 [final, conclusive and enforceable] is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The judgment is enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit.

Section 36.005 provides numerous grounds for non-recognition, three of which, if proved, preclude the trial court from recognizing the foreign country judg-ment. Seven other reasons are listed whereby a trial court has discretion to recognize a foreign country judgment.

The Uniform Enforcement of Foreign Judgments Act (Enforcement Act) provides two ways to enforce a sister state judgment and a recognized foreign country judgment: 1) the "short-cut method"—file the foreign judgment, an affidavit, and give notice to the judgment debtor, or 2) the "common law method"—bring an action to enforce a judgment. Tex.Civ.Prac. & Rem.Code Ann. §§ 35.001–35.008.

Docksteader argues that Chapter 36 of the Civ.Prac. & Rem.Code is unconstitutional because it does not provide a procedure whereby a judgment debtor receives notice and opportunity to assert grounds for nonrecognition of a foreign country money judgment. Three Texas cases have considered the right to a plenary hearing to determine whether a judgment should be recognized under the Recognition Act. In each case there is no writ history. In *Hennessy v. Marshall,* 682 S.W.2d 340 (Tex. App.—Dallas 1984, no writ) the judgment creditor filed a foreign country judgment (utilizing the short-cut method provided in chapter 35). The *Hennessy* court held that because the Recognition Act provided grounds for non-recognition, a plenary suit had to be filed and a plenary hearing held in Texas before a foreign country judgment could be entitled to be recognized and enforced. *Hennessy,* 682 S.W.2d at 345. Since no such hearing occurred, the appellate court held that any orders based on the judgment were void. The court recognized that no hearing was explicitly required by the statute but stated that the judgment debtor had to be afforded notice and an opportunity to be heard in accordance with due process requirements to determine matters pertaining to recognition.

In *Detamore v. Sullivan,* 731 S.W.2d 122 (Tex.App.—Houston [14th Dist.] 1987, no writ) the Fourteenth Court of Appeals agreed with the rationale of the *Hennessy* opinion. But the *Detamore* court said, "[W]e cannot find any procedures within Chapter 36 providing for a plenary hearing

on recognition. To incorporate procedures for a hearing into Chapter 36, where none are provided, places us in the position of judicially legislating." *Detamore*, 731 S.W.2d at 123. The *Detamore* court, finding no provision for notice and a plenary hearing, held that the Recognition Act was unconstitutional. The court rejected the judgment creditor's contention that the judgment debtor could assert grounds for non-recognition when the creditor seeks to execute the judgment as provided in Tex. Civ.Prac. & Rem Code Ann. §§ 35.001–008 (The Enforcement Act). The court reasoned that the provisions of the Enforcement Act do not come into play until the foreign country judgment is recognized; therefore, there was no procedure for a judgment debtor to assert grounds for non-recognition. *Detamore*, 731 S.W.2d at 123. The court held that because there is no procedure for asserting grounds for non-recognition, a judgment debtor could find himself in a procedural quandry of having a valid defense to recognition and enforcement, but no avenue to assert the defense, resulting in a denial of due process. *Id.* at 124.

In *Plastics Engineering, Inc. v. Diamond Plastics Corp.*, 764 S.W.2d 924 (Tex. App.—Amarillo 1989, no writ), the court, agreeing with the *Detamore* court, said, "[N]owhere in the Recognition Act itself is there prescribed any provision for notice of the attempt at recognition or mechanism for hearing and disposition of any disputes or contests as to whether the judgment deserved recognition. Therefore, the Recognition Act itself is clearly deficient in meeting due process constitutional requirements." *Plastics*, 764 S.W.2d at 926. The court agreed with the *Detamore* court that to engraft procedures for a plenary hearing on the Recognition Act would be impermissible judicial legislation. *Plastics*, 764 S.W.2d at 927. And, the court rejected the judgment creditor's contention that the procedures in the Enforcement Act would satisfy due process requirements. *Plastics*, 764 S.W.2d at 926.

Docksteader contends that the Recognition Act provides for a hearing and recognition by a suit to enforce the judgment by section 36.008 of the Recognition Act. Section 36.008 which is entitled "Other Foreign Country Judgments" provides, "This chapter does not prevent the recognition of a foreign country judgment in a situation not covered by this chapter." However, we interpret this savings clause to allow the court to recognize types of judgments that are not covered by the act, rather than other methods of recognition. *See Wolff v. Wolff*, 389 A.2d 413 (Md.Ct.Spec.App.1978).

Docksteader also contends that although it is clear that when the short-cut method is used by a judgment creditor to enforce a foreign country judgment the judgment debtor is denied due process, when the judgment creditor uses the alternative method of enforcement provided for in the Enforcement Act, i.e., to bring a suit for enforcement, the judgment debtor is not denied due process. Docksteader contends that when a suit is filed, the judgment debtor has a plenary hearing and grounds for recognition can be asserted.

However, we agree with the opinions in *Plastics* and *Detamore* and the trial court in this case and hold that the statute is unconstitutional because it fails to provide a procedure for notice and a plenary hearing to determine whether the judgment deserved recognition. We agree with the *Detamore* and *Plastics* opinions that the provisions in the Enforcement Act do not remedy this deficiency. Patal was entitled to summary judgment as a matter of law.

The judgment of the trial court is AFFIRMED.