**DON DOCKSTEADER MOTORS, LTD., Petitioner,**

v.

**PATAL ENTERPRISES, LTD., et al., Respondents.**

No. C–9185.

Supreme Court of Texas.

Sept. 6, 1990.

Joseph R. Preston, Mission, for petitioner.

Alex Worobetz, Plains, Wash., for respondents.

OPINION

SPEARS, Justice.

This cause presents a challenge to the constitutionality of the Uniform Foreign Country Money–Judgments Recognition Act ("Recognition Act"). Don Docksteader Motors, Ltd. filed suit in a Texas district court to recognize and enforce a judgment rendered by the Supreme Court of British Columbia, ordering Patal Enterprises, Ltd., et al. to pay Docksteader $152,377.01 in Canadian dollars. The trial court granted summary judgment in favor of Patal. The court of appeals affirmed the trial court's judgment on the basis that the Recognition Act was unconstitutional. 776 S.W.2d 726. We reverse the judgment of the court of appeals and remand this cause to the trial court.

The recognition and enforcement of foreign country money judgments is governed by the Recognition Act, Tex.Civ. Prac. & Rem.Code §§ 36.001–.008, and by the Uniform Enforcement of Foreign Judgments Act, Tex.Civ.Prac. & Rem.Code §§ 35.001–.008 ("Enforcement Act"). The Recognition Act sets forth the grounds on which the recognition of a foreign country money judgment may be challenged. However, effective at the time of this litigation, the Act did not expressly set forth a procedure by which a judgment debtor could assert grounds for nonrecognition.[1] Uni-

1. The legislature has now amended the Recognition Act to expressly include within the Act the

form Foreign Country Money–Judgments Recognition Act, ch. 808, 1981 Tex.Gen. Laws 3069, *amended by* ch. 402, § 5, 1989 Tex.Gen.Laws 1544. For this reason, the court of appeals held that the Recognition Act failed to provide due process and ruled it unconstitutional. 776 S.W.2d at 728.

 Although it did not set forth an express procedure, section 36.004 of the Recognition Act plainly states that a foreign country judgment "is enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit." A judgment of a sister state is enforceable by two means and thus, pursuant to the Recognition Act, a foreign country money judgment is enforceable by the same two means. One such means is the statutory "short-cut" set forth in the Enforcement Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 35.003–.005 (Vernon 1986); the second means is the bringing of a common-law action to enforce a judgment. *See id.* § 35.008. In a common-law suit, a judgment debtor is afforded notice and a plenary hearing at which all defenses including grounds for nonrecognition can be asserted. Docksteader filed a common-law suit to recognize and enforce its Canadian judgment.

In summary, the Recognition Act expressly provides that a foreign country money judgment "is enforceable in the same manner as a judgment of a sister state...." By this provision, the Recognition Act necessarily allows for the bringing of a common-law suit and thereby allows for notice and a hearing.[2] We therefore hold that, under the circumstances of this case, the court of appeals erred in concluding that the Recognition Act was unconstitutional. On the reciprocity question, however, we concur in the court of appeals' decision. Accordingly, Patal's summary judgment cannot be upheld on either of the grounds asserted. We reverse the judg-

ment of the court of appeals and remand this cause to the trial court.

procedural steps for asserting nonrecognition grounds. Tex.Civ.Prac. & Rem.Code Ann. §§ 36.0041–.0044 (Vernon 1990).

**2.** To the extent *Plastics Eng'g, Inc. v. Diamond Plastics Corp.,* 764 S.W.2d 924 (Tex.App.—Amar-

illo 1989, no writ), and *Detamore v. Sullivan,* 731 S.W.2d 122 (Tex.App.—Houston [14th Dist.] 1987, no writ), conflict with this decision, they are disapproved.