Opinion issued May 7, 2021



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00212-CV

————————————

## IN RE TEAM INDUSTRIAL SERVICES, INC. AND SID CAMMERESI, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relators, Team Industrial Services, Inc. and Sid Cammeresi, have filed a petition for writ of mandamus, challenging the trial court's order granting the motion to enforce a subpoena served by real party in interest, Kelly Most, Individually and as Personal Representative of the Estate of Jesse Henson, on Sid Cammeresi.

Relators also filed a motion for emergency relief, which we granted, staying the trial court's order.[1]  We grant the petition.

## Background

The underlying trial court case is a wrongful death lawsuit filed by the family of Jesse Henson, who died from burns sustained when a steam turbine failed at a coal-fired power plant in Kansas.  According to relators' petition, Sid Cammeresi, a former employee of Team Industrial, was designated as an expert witness for Team Industrial.  Real party deposed Cammeresi in February 2020.  The case was previously set for trial in August 2020, and a subpoena was served on Cammeresi in July 2020.  That August 2020 trial setting was continued until January 12, 2021.  Real party served Cammeresi with another subpoena on November 20, 2020 to appear at the Smart Financial Center in Sugarland, Texas on January 12, 2021 for trial.  The trial setting in January was continued until May 4, 2021.  No new subpoena for Cammeresi to appear at the May 2021 trial setting was served.  Between the January 2021 and May 2021 trial settings, Cammeresi moved from Texas City to Indiana.

---

[1]    The underlying case is *Kelli Most, Individually and as Personal Representative of the Estate of Jesse Henson*, cause number 18-DCV-256883, pending in the 268th District Court of Fort Bend County, Texas, the Hon. R. O'Neil Williams presiding.

On May 3, 2021—the day before trial was set to begin—real party filed an emergency motion to enforce the subpoena issued in November 2020. An emergency hearing was held on May 3, 2021, and the trial court signed an order on May 3, 2021, granting the motion, and stating as follows:

> Specifically, the Court finds that the witness was served with a valid subpoena and that the witness was never discharged by the court or by the party summoning the witness from compliance with that subpoena. The subpoena remains in effect and the Court expects the witness to comply with it by attending trial on May 4, 2021 from day to day until lawfully discharged. If the witness does not comply, he may be deemed a [sic] contempt of the Court and may be punished by fine or confinement or both.

## Analysis

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

### 1. The trial court lacked authority to compel Cammeresi to appear

Rule 176.1 requires a subpoena to be in a certain form and include the time, place, and nature of action required by the person to whom the subpoena is directed. TEX. R. CIV. P. 176.1. No new subpoena was served on Cammeresi for the May 4, 2021 trial. Instead, the trial court granted real party's motion to enforce and issued

3

an order enforcing the subpoena issued in November 2020 for the January 12, 2021 trial setting which was continued. Moreover, the subpoena commanded Cammeresi to appear at the Smart Financial Center when the current trial location is at the Fort Bend County Courthouse. Accordingly, the subpoena no longer complies with Rule 176.1 because the place specified in the subpoena is incorrect and the time specified for Cammeresi to appear, "the 12th day of January 2021, at 9:00 A.M.", has passed. Courts addressing similar situations have held that the complained-of subpoena has either expired or the witness is no longer subject to the subpoena. *See, e.g., In re Tyson Foods, Inc.*, No. 12-17-00156-CV, 2017 WL 3225051, at *2 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (mem. op.) (holding that subpoena that had issued for trial date that was continued had expired rendering issue concerning motion to quash subpoena moot); *see also* TEX. R. CIV. P. 176.1(e) (requiring that subpoena state time and place witness must appear).

Real party argues that Cammeresi had to seek protection in the trial court before seeking mandamus relief, but that was an impossibility. Rule 176.6(e) requires a person seeking protection from a trial subpoena to seek protection from the subpoena before the time specified for compliance. The time specified in the subpoena for compliance was January 12, 2021.

A trial court has no authority to require a witness by subpoena to attend trial "in a county that is more than 150 miles from where the witness resides or is served."

4

TEX. R. CIV. P. 176.3(a); *see In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153, 159–60 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (holding that trial court abused its discretion in denying motion to quash subpoena and for protective order of witness who lived more than 150 miles from courthouse); *In re Proassurance Ins. Co.*, No. 05-15-01256-CV, 2016 WL 25645, at *2 (Tex. App.— Dallas Jan. 4, 2016, orig. proceeding) (mem. op.) (holding that trial court lacked authority to compel non-party who lived more than 150 miles from courthouse to appear in court); *Dr. Pepper Co. v. Davis*, 745 S.W.2d 470, 471 (Tex. App.—Austin 1988, orig. proceeding) (granting mandamus relief on ground that trial court was without power to issue subpoena or otherwise compel witness to appear at trial when witness lived outside the subpoena power of the trial court); *see also In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484, at *3 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, orig. proceeding) (mem. op.) (per curiam) (holding that orders contrary to Texas Rules of Procedure are typically reviewable by mandamus)

Because the subpoena issued in November 2020 had expired and the trial court lacked authority to compel Cammeresi, who lives more than 150 miles from the Fort Bend courthouse, to appear for trial, relators have established that the trial abused its discretion.

## 2. No adequate remedy by appeal

Relators complain that they lack a remedy by appeal because Cammeresi will be forced to travel without proper notice to appear at trial and, if he does so, his complaint will become moot. Relators argue that, if Cammeresi is forced to appear and testify this week, he will be forced to change his plans and schedule, possibly at substantial expense. Moreover, if he appears, relators assert that Cammeresi will be served with a subpoena that will be authorized because he will have been served while within the trial court's 150-mile subpoena power and any challenge to the trial court's order would then be rendered moot.

Cammeresi is not a party and therefore, has no remedy by appeal to challenge the trial court's order. *See City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

## 3. Subject-Matter Jurisdiction

Real party contends that mandamus relief is not warranted here and that this Court lacks jurisdiction because relators lack standing and the issue is not ripe for mandamus relief. We disagree.

"Standing is a constitutional prerequisite to maintaining suit in either federal or state court." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001). The doctrine of standing "identifies suits appropriate for judicial resolution." *Patel v. Tex. Dep't. of Licensing and Reg.*, 469 S.W.3d 69, 77 (Tex. 2015). Generally, unless standing is

6

conferred by statute, a plaintiff must possess "an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *See Williams*, 52 S.W.3d at 178.

Cammeresi has standing to challenge the trial court's order because the order exceeded the court's authority and deemed Cammeresi's failure to appear under an expired subpoena as contempt of court. *See Hennessy v. Marshall*, 682 S.W.2d 340, 343 & n.1 (Tex. App.—Dallas 1984, no writ) (holding that relators had standing to seek mandamus relief because no other viable alternative for obtaining relief existed other than to refuse to comply, which would subject them to incarceration for contempt).

Rule 176.6(f) permits a person commanded to attend trial to object or move for protection "before the court at the time and place specified for compliance." TEX. R. CIV. P. 176.6(f). Because the trial court signed the order on May 3, 2021, granting real party's motion to enforce the subpoena which specified the time for appearance at 9:00 A.M. on January 12, 2021, Cammeresi could not move for protection from the subpoena before the time specified for compliance. And thus, Cammeresi as a non-party, is left with mandamus as his only viable option for challenging the trial court's order which deems his failure to appear as contempt of court and would subject him to punishment as set out in the trial court's order. *See Hennessy*, 682 S.W.2d at 343 & n.1.

Team Industrial did seek protection in the trial court. Team Industrial filed a response to real party's motion to enforce the November subpoena and a motion for protection from real party's attempt to seek enforcement of an invalid subpoena.

Real party claims that Team Industrial had no standing to challenge the trial court's order, which related to a subpoena served on Cammeresi, not Team Industrial. In *ASI Aviation, LLC*, the court denied a petition for writ of mandamus filed by ASI that sought relief and a nonparty because the nonparty could have sought relief for itself and could have been a party to the original proceeding. No. 10-13-00334-CV, 2014 WL 104487, at *1 (Tex. App.—Waco Jan. 9, 2014, orig. proceeding) (mem. op.). Unlike this case, the nonparty in *ASI* did not seek mandamus relief as a party to the original proceeding. *See id.* Here, however, Cammeresi has joined as a party to the petition.

Team Industrial responds that it has standing because it filed a motion in the trial court seeking protection from real party's motion to enforce the subpoena and the trial court's last-minute order compelling Cammeresi to appear requires Team Industrial to prepare, question, and defend Cammeresi's testimony with little or no time to prepare. This is an interest and injury distinct from Cammeresi's and one that is sufficient to confer standing to challenge the trial court's order by mandamus. *See DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008) (injury supporting standing must be "actual or imminent, not hypothetical" and must be

8

particularized and concrete); *Tex. Lottery Comm'n v. Scientific Games Int'l, Inc.*, 99 S.W.3d 376, 380 (Tex. App.—Austin 2003, pet. denied) (to show standing, person must show justiciable interest in the form of "an actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally").

Real party also contends that the issue of enforcement of the subpoena is not ripe because any potential enforcement by contempt is only threatened and thus, contingent. The ripeness doctrine requires courts to consider whether, at the time a lawsuit is filed, the facts are sufficiently developed to show that an injury has or is likely to occur and is not contingent or remote. *See Patel*, 469 S.W.3d at 78. This doctrine applies to mandamus proceedings. *See In re Penney*, No. 05-14-00503-CV, 2014 WL 2532307, at *2 (Tex. App.—Dallas June 4, 2014, orig. proceeding) (mem. op.) (citing *Perry v. Del Rio*, 66 S.W.3d 239, 248 (Tex. 2001) (orig. proceeding).

Here, the trial court has ordered Cammeresi to appear at trial or be deemed in contempt of court. Cammeresi has demonstrated both his standing to seek mandamus review and that the controversy is ripe for mandamus review. Cammeresi need not wait to be punished for failure to comply with a subpoena, which the trial court lacked authority to enforce.

## Conclusion

Because we conclude that relators have established their entitlement to mandamus relief, we conditionally grant the petition for writ of mandamus and direct

the trial court to vacate its May 3, 2021 order.  *See* TEX. R. APP. P. 52.8(c).  We are confident that the trial court will promptly comply.  The writ will issue only if it does not.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

10