## GEORGE W. BLAIR ET AL. V. H. B. SANBORN.

### No. 3312.

1. **Surety on Appeal Bond.**—On affirmance of a judgment this court has power to enter a judgment against the sureties on the appeal bond, and under such a judgment execution would properly issue from the District Court against all persons made liable by the judgment; but this is by reason of the statutes. Rev. Stats., arts. 1049, 1419. Such judgment against the sureties without citation must be rendered in the appellate court; it can not be rendered in the District Court.

2. **Breach of Appeal or Error Bond.** — The appellant can not "prosecute his appeal with effect" and at the same time "perform the sentence, judgment, or decree in case the decision of the court shall be against him." This obligation is alternative to do one or the other.

3. **Prosecuted with Effect.** — An appeal may be considered as prosecuted with effect when it results successfully as to a part at least of the judgment appealed from. It is not necessary that entire success follow the appeal.

4. **Same—Case in Judgment.**—On appeal the judgment below was reversed as to some of the appellees and affirmed as to others. Subsequently in the District Court the case was dismissed for want of prosecution. A judgment for costs was rendered against the plaintiffs and the sureties on the cost bond executed in the appeal without citation to the sureties. *Held,* such judgment against the sureties was void.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.
The opinion states the case.

*Hare, Edmundson & Hare,* for appellants.—1. The judgment of the District Court was not void, because in the absence of positive proof to the contrary it must be conclusively presumed that Sanborn was duly served with process before the rendition thereof. Being at most voidable, Sanborn's remedy was appeal or writ of error, and not injunction. Collins v. Miller, 64 Texas, 120; Tennell v. Breedlove, 54 Texas, 543; Murchison v. White, 54 Texas, 82; Wheeler v. Ahrenbeak, 54 Texas, 536; Fitch v. Boyer, 51 Texas, 344.

2. The affirmance of the judgment by the Supreme Court as to some of the appellants bound the sureties of such appellants for the District Court costs, notwithstanding the fact that the Supreme Court judgment exempted such sureties from liability for Supreme Court costs; and as to such appellants the appeal was not prosecuted with effect. Trent v. Rhomberg, 66 Texas, 254; Bailey & Goodjohn v. James, 64 Texas, 546; Robinson v. Brinson, 20 Texas, 439.

*O. T. Holt,* for appellee.—1. Where a surety on an appeal bond by its terms undertakes to prosecute the appeal with effect, and the cause was reversed and remanded, such appeal has been prosecuted successfully and the surety is discharged. Rev. Stats., art. 1400; Trent v. Rhomberg, 66 Texas, 249; Robinson v. Brinson, 20 Texas, 438; McCoy v. Jones, 9 Texas, 366.

2. When a judgment is void execution thereon may be enjoined. Witt v. Kaufman & Kleaver, 25 Texas Supp., 384; Edrington v. Allsbrooks, 21 Texas, 186; Ct. App. C. C., sec. 457.

3. A judgment where the court is without authority to render the same is void. Bowers v. Chaney, 21 Texas, 367; 1 Black on Judg., sec. 218.

STAYTON, CHIEF JUSTICE.—This is an agreed case, in which it appears that Margaret Boone and others prosecuted an appeal to this court on a cost bond to which appellee was a surety. Margaret Boone and others were plaintiffs, and the judgment appealed from was reformed and affirmed as to some of defendants and reversed and remanded as to others, against whom costs were adjudged by this court. After the cause returned to the District Court it was dismissed for want

of prosecution, with a judgment that defendants recover of plaintiffs all costs of suit, "for which execution may issue against said plaintiffs and H. B. Sanborn and others, their sureties on appeal bond."

Execution issued under this judgment against Sanborn for balance of costs, amounting to $550.84, but this did not include any costs incurred in this court nor costs accruing subsequently to the appeal, and this execution was levied on personal property belonging to Sanborn, when this suit was brought by him to enjoin the sale of his property then advertised for sale, and on hearing the injunction was perpetuated.

Under the agreed statement there can be no pretense that Sanborn was before the court when the judgment was rendered under which the execution issued, unless the bond given on appeal gave the court jurisdiction. over him and authorized a summary or statutory judgment against him; and we are of opinion that the latter proposition can not be maintained, and especially so in view of the judgment rendered by this court on appeal.

On affirmance of a judgment this court has power to enter a judgment against the sureties on an appeal bond, and under such a judgment execution would properly issue from the District Court against all persons made liable by the judgment; but this is by reason of the statute. Rev. Stats., arts. 1049, 1419. Many other instances might be referred to in which, by the execution of a bond in a pending cause, parties became liable to judgments against them as sureties without their being made parties to the action otherwise than by the execution of a bond; but these cases are provided for by statute. As said in Burck v. Burroughs, 64 Texas, 447: "In cases where, upon the face of the record, a judgment may be rendered against the sureties upon the appeal or writ of error bond, such judgment must be rendered by the appellate court, and not by the court a quo. If in cases where the appellee is entitled to redress or damages by reason of a breach of the condition of the bond, and his remedy can not be enforced by the appellate court, he needs must seek his remedy by suit upon the bond in some appropriate form of action." That such suits can be brought is not an open question in this court. Trent v. Rhomberg, 66 Texas, 251. That the execution enjoined was not issued under a judgment rendered in an action on the bond executed by Sanborn and others after citation is evident.

It is evident, however, that this court on the appeal by Margaret Boone and others rendered a judgment which, upon the question of costs, was conclusive on all parties to the appeal. Appellees in that case had obtained a judgment to which they were not entitled, and to have this corrected Mrs. Boone and others were driven to an appeal to this court, when the judgment was reformed and affirmed as to some of appellees, and reversed as to those against whom costs were adjudged.

The former judgment was set aside and relief granted to appellants from its operation in part, and we are of opinion that within the meaning of the law Mrs. Boone and her co-plaintiffs prosecuted their appeal with effect; and if this was done the sureties on their appeal bond were not liable for the costs of this court or of the District-Court; for, as said in Robinson v. Brinson, "the appellant can not prosecute his appeal with effect; and at the same time perform the sentence, judgment, or decree in case the decision of the court shall be against him. His obligation is alternative to do one or the other. Therefore, although the statute uses the word 'and' in connection with the two alternative obligations, the meaning is more appropriately expressed by the word 'or.'"

The same is true of the conditions contained in an appeal bond given only to secure costs. We think that an appeal can be said to have been "prosecuted with effect" only when it results successfully as to part, at least, of the judgment appealed from, which was the case on the appeal prosecuted by Mrs. Boone and others under the bond on which Sanborn was a surety.

It certainly never was intended that a person appealing from a judgment against him or the sureties on his appeal bond should be liable for costs when on appeal it was adjudged that the judgment appealed from was erroneous, for it is not the policy of the State thus in effect to place a penalty on the proper assertion of a right.

In the case of Trent v. Rhomberg, 66 Texas, 249, an appeal was dismissed for want of prosecution, and costs were adjudged against appellant and the sureties on his appeal bond, which operated a supersedeas, and in an action on that bond to recover the sum due on the judgment, it was contended that payment by appellant of the costs adjudged against him by this court was a satisfaction of his bond; but this was held not to be true, and that nothing would satisfy the bond short of a successful prosecution of the appeal, or the payment of the judgment rendered by the District Court.

This was manifestly just, for appellant and his sureties had contracted to prosecute the appeal with effect, which involved a presentation of the case to this court for adjudication on its merits, as well as the result of that adjudication; and a failure to present the case for adjudication was a breach of the condition to prosecute the appeal with effect, as would have been an adjudication on the merits against appellant. When one has thus broken the first condition in an appeal bond, he can not be heard to say that he has satisfied the other condition by paying a judgment for costs rendered by this court, when that condition makes it obligatory on him and sureties to pay such a judgment as this court may render against them on an adjudication of the case appealed upon its merits.

The case before us, however, is not one in which appellants failed to prosecute their appeal with effect, nor was the judgment sought to be enjoined rendered in an action on an appeal bond after citation to the parties to it, which even if erroneous would be enforced so long as permitted to stand.

We find no error, and the judgment will be affirmed.

*Affirmed.*

Delivered January 15, 1892.