LLOYDS CASUALTY INSURER V. FOREST L. MCGEE ET AL.

No. 8114. Decided July 14, 1943.
(174 S. W., 2d Series, 314.)

*Sam Holliday,* of Houston, for petitioner.

The Court of Civil Appeals erred in holding that there was liability on the alleged supersedeas bond which was filed after the judgment of the trial court became final, merely because no execution was issued on the judgment of such trial court until after the Court of Civil Appeals had, on obligee's motion, dismissed the appeal because never perfected. Magnolia Pet. Co. v. McClendon, 123 Texas 10, 65 S. W. (2d) 484; Borger v. Morrow, 125 Texas 321, 82 S. W. (2d) 944; McGuire v. Newbill, 54 Texas 317.

*L. W. Shepperd* and *Scott Reed,* both of Groesbeck, for respondent.

Where the purpose of filing a supersedeas bond is "to prevent the levy of execution" and is in no wise intended to per-

fect an appeal or serve as an appeal bond and such purpose is accomplished, it is immaterial whether the appeal is perfected or not. Mayhew v. Power, 104 S. W. (2d) 642; Elliott v. Lester, 126 S. W. (2d) 756; DeZalava v. Scanlan, 65 S. W. (2d) 489.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a suit on supersedeas bond.

On August 16, 1939, Forest L. McGee and others (hereinafter referred to as McGee) recovered judgment against the United Employers Casualty Company (hereinafter referred to as Insurer) in a workmen's compensation case. On December 27, 1939, said Insurer filed its petition for writ of error to review said judgment, reciting therein that its motion for new trial had been overruled on September 16, 1939. At the same time the Insurer filed its bond for costs in the sum of $500.00. On December 28, 1939, the clerk of the trial court issued citations on the petition for writ of error and forwarded same to counsel for Insurer. On January 4, 1940, the citations were returned to the clerk for certain corrections, and were thereafter reissued under the original date of December 28, 1939. They were served sometime after January 4, 1940. The transcript in that proceeding was filed in the Court of Civil Appeals on January 15, 1940. On August 15, 1940, McGee filed a motion in the Court of Civil Appeals to dismiss the appeal on the ground that the writ of error proceeding had not been perfected in time. Shortly thereafter McGee caused an execution to be issued on said judgment and placed in the hands of the sheriff for execution; and on September 6, 1940, the Insurer filed with the trial court a supersedeas bond, with itself as principal and Lloyds Casualty Insurer, defendant in this suit, as surety. Said supersedeas bond recited that McGee had recovered judgment against the Insurer, from which judgment it had sued out a writ of error, "and has heretofore filed herein a writ of error cost bond for the sum of $500.00, and now desires to file a supersedeas bond in order to prevent the levy of execution on such judgment." The bond was conditioned as the law required it to be "that said United Employers Casualty Company, plaintiff in error, shall prosecute its writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against it, it shall perform its judgment, sentence or decree and pay all such damages as said court may award against it." Said supersedeas bond was presented to, approved, and filed by the clerk of the trial court on September 7, 1940, and on the same day the Insurer

caused a writ of supersedeas to be issued to the sheriff, reciting that the supersedeas bond had been filed and commanding him to desist from any further proceedings under and by virtue of the execution previously issued in said cause. On September 26, 1940, McGee's motion to dismiss the appeal was sustained. See United Employers Casualty Company v. McGee, 143 S. W. (2d) 653. United Employers Casualty Company, the insurer in the original workmen's compensation case, became insolvent. Thereafter McGee brought this suit against Lloyds Casualty Insurer to recover on the above-described supersedeas bond. The Court of Civil Appeals affirmed a judgment in favor of McGee. 169 S. W. (2d) 758.

It is the contention of Lloyds that since the appeal by writ of error in the workmen's compensation case had not been perfected in time so as to confer jurisdiction on the Court of Civil Appeals, and since the time for perfecting same had long since expired at the time the supersedeas bond was filed therein, the bond served no useful purpose and the surety's obligation thereon was without consideration. There are authorities which sustain this contention. Estado Land and Cattle Co. v. Ansley (Tex. Civ. App.), 24 S. W. 933; S. A. Pace Grocery Co. v. Savage (Tex. Civ. App.), 114 S. W. 866; Allen v Kitchen (Tex. Civ. App.), 156 S. W. 331. We believe, however, that the better reasoning is to the contrary.

It will be noted that the supersedeas bond was conditioned as it was required to be by Revised Statutes Article 2270 (now Rule 364, T. R. C. P.) "that plaintiff in error shall prosecute its writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against it, it shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against it." This obligated the obligors therein to do two things, to-wit: to prosecute the suit to effect and to pay any judgment that might be awarded against the plaintiff in error therein. Trent v. Rhomberg, 66 Texas 249, 18 S. W. 510. The prosecution of the special appeal in such manner as to confer jurisdiction on the appellate court was a part of the obligation thus assumed. A supersedeas bond may be filed long before the record is filed in the appellate court. The failure to file the record within the proper time may cause the appeal to be dismissed without an adjudication on the merits. By the filing of the supersedeas bond the appellant obligates himself to so prosecute the suit as to secure a favorable consideration on the merits. In the case of Woolridge v. Rawlins, (Tex. Com. App.), 14 S. W. 667, the appeal was by supersedeas bond. The

appeal was later dismissed, but it is not made clear as to the cause thereof. The Court there said:

"We are not advised by anything in the record as to what ground the appeal was dismissed. It seems to have been in form in all respects, but there may have been some informality in the proceedings. At all events, it was only the appeal that was dismissed, not the cause. *This dismissal was a breach of the appeal-bond, which required appellant to prosecute its appeal with effect.*" 14 S. W. 667, 668. (Italics ours.)

In the case of Trent v. Rhomberg, supra, the Court said:
"An appeal cannot be said to be prosecuted at all which is dismissed for want of prosecution; nor can it be said, with reference to the accepted meaning of the words, that the appeal is prosecuted with effect if the judgment remains, after the appeal is disposed of, the same as it was before." 18 S. W. 510, 512.

In the case of Blair v. Sanborn, 82 Texas 686, 18 S. W. 159, the Court, in discussing its previous holding in Trent v. Rhomberg, supra, said:

"This was manifestly just, for appellant and his sureties had contracted to prosecute the appeal with effect, which involved a presentation of the case to this court for adjudication on its merits, as well as the result of that adjudication; and a failure to present the case for adjudication was such a breach of the condition to prosecute the appeal with effect as would have been an adjudication on the merits against appellant." 18 S. W. 159, 160.

It is true that at the time the bond was filed in this case the appeal had not been timely prosecuted, and it was then impossible to do so. In fact, if the truth had been known, there may have been no reversible error in the record at that time. Nevertheless, the record was then on file in the Court of Civil Appeals and an effort was being made to reverse the judgment. The Insurer against whom the judgment had been rendered thought it could reverse the judgment, and it asked that execution be stayed until it could be given an opportunity to do so. It executed the bond for that purpose and therein obligated itself to prosecute the suit to effect.

It may be that since the appeal had not been perfected in time, and the time for perfecting same had expired, McGee would have been entitled to have the sheriff proceed to levy execution, notwithstanding the filing of the supersedeas bond. See in this

connection Estado Land and Cattle Co. v. Ansley, 24 S. W. 933, 934; S. A. Pace Grocery Co. v. Savage, 114 S. W. 866, 867; Allen v. Kitchen, 156 S. W. 331, 332. We do not pass on this question at this time. But it must be remembered that at the very time the sheriff had in his possession the execution commanding him to enforce the judgment, there had been served on him a later order from the same court, a writ of supersedeas, in the same cause, commanding him to desist from levying the execution. The Insurer was enabled to obtain the writ of supersedeas only by the execution and filing of the supersedeas bond. Under such circumstances neither the sheriff nor the plaintiff in execution should be forced to elect as to whether he should desist and run the risk of the defendant in execution becoming insolvent in the meantime, or of proceeding to levy execution and take the change of being punished for contempt for violating the writ of supersedeas. See in this connection Haffner v. Commerce Trust Co. (Okla.), 86 Pac. (2d) 31, 120 A. L. R. 1057.

We are of the opinion that the supersedeas bond was a valid one.

The judgment of the trial court and Court of Civil Appeals are affirmed.

Opinion delivered July 14, 1943.