Brooks, Admrx., et al., Appellant, *v.* Conston et al., Appellants.

Argued April 14, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Laurence H. Eldredge,* with him *Norris, Bell, Lex, Hart & Eldredge,* for plaintiffs.

*Thomas E. Comber, Jr.,* with him *George Wharton Pepper, Hirsh W. Stalberg, Harry Shapiro, Shapiro, Connor, Rosenfeld & Stalberg* and *Pepper, Bodine & Stokes,* for defendants.

PER CURIAM, April 22, 1948:

Plaintiffs and defendants both appealed. In *Brooks et al. v. Conston et al.,* 356 Pa. 69, 51 A. 2d 684, we decided that defendants had wrongfully acquired personal property of plaintiffs. We directed defendants to make restitution and to account for all profits. Our order reads: *"record remitted with direction to enter a decree in accord with the prayers of the bill."* The prayers of the bill are set forth in its 95th paragraph (a) to (k) inclusive.

Upon the return of the record the court below made its order in compliance with our decision. Pursuant to the order, one of the defendants filed an account which had been prepared and stated by a firm of certified public accountants. To this account plaintiffs filed 18 exceptions. Nos. 1 to 8 purported to raise questions of law while 9 to 18 raised questions of fact.

The court below dismissed exceptions 1 to 4 inclusive. The first exception so dismissed related to the *form* of the accounting—a subject which we shall later discuss. The effect of dismissing exceptions 2 to 4 is to withdraw permanently from the accounting the business done at stores which were sold or acquired by defendants after the wrongful acquisition of plaintiffs' property.

Exceptions 6 and 7 were neither sustained nor dismissed; the court reserved its ruling until after evidence was produced. These exceptions had to do with a claim by a defendant for a management fee and of his wife for compensation. Exception No. 8 related to the nature

and accuracy of the account; disposition of this exception was likewise suspended pending the taking of testimony. Exceptions 9 to 18 were similarly acted upon—depending upon a consideration of the testimony. Plaintiffs appealed from the court's action respecting the foregoing exceptions—Appeals Nos. 105-106.

Exception No. 5 related to a credit taken by defendants for the payment or charge for Federal income taxes. This exception was sustained—from which defendants appealed—Nos. 119-120.

Counsel for plaintiffs—appellants frankly states in his paper book: *"A lengthy and complicated audit of the defendants' account remains to be had after (these appeals are) decided. We believe it will be helpful to the Court below to have (the Supreme) Court state fully the rules which are to be followed in the proceedings hereafter. . . ."*

This Court will not and cannot render an advisory judgment in this case. In the absence of proof of all facts and surrounding circumstances it cannot be determined, *as matter of law,* what charges should be included in the account and what credits allowed.

It is obvious that the accounting ordered will be complicated; it therefore seems desirable that the parties agree upon an auditor to be appointed by the court to take the submitted account and such complete supplementary account as may be required, and to hear evidence and restate such account as is necessary to comply with our decree, the auditor to make findings of fact and conclusions of law and recommend a decree; this report to be made the subject of exceptions to be heard by the court below with the right of appeal as in other cases.

For the procedural reasons indicated, we therefore set aside the orders of the court, without prejudice, and remit the record with direction to comply with our decree. Costs to abide the event.