Jimmy TULLOS, Petitioner,

v.

EATON CORPORATION, et al, Respondents.

No. C–4124.

Supreme Court of Texas.

July 17, 1985.

George Chandler, Lufkin, Tullis & Jensen, Paul F. Jensen, Houston, for petitioner.

Evans & Kitchens, Joe Scott Evans and Hoagie L. Karels, Groveton, Zeleskey, Cornelius, Rogers, Hallmark & Borgfeld, Ralph M. Zeleskey, Lufkin, for respondents.

PER CURIAM.

This is an attempted appeal from an order sustaining a plea of privilege. The order was signed after September 1, 1983. The court of appeals reversed the judgment of the trial court. 688 S.W.2d 668 (Tex. App.1985). In a motion for rehearing, a jurisdictional point of error was raised for the first time.

The question of jurisdiction is fundamental and can be raised at any time. *Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex. 1982). The court of appeals has erred in assuming jurisdiction over the present matter because an order on a plea of privilege which is taken and perfected after September 1, 1983, is not a final, appealable judgment. Tex.Rev.Civ.Stat.Ann. art. 1995, § 4 (Vernon Supp.1985). This court has jurisdiction to vacate the judgment of the court of appeals when it erroneously exercises its jurisdiction. *Baker v. Hansen,* 679 S.W.2d 480 (Tex.1984); *McCauley v. Consolidated*

*Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957).

Pursuant to Tex.R.Civ.P. 483, we grant the application for writ of error, and without hearing oral argument, reverse the judgment of the court of appeals and dismiss the appeal.