IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-029-CV





MARY ANN KARNES,



 APPELLANT


vs.





WILLIAM DRAKE KARNES,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 473,380, HONORABLE PETE LOWRY, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from an order rendered by default on a motion to modify in a suit
affecting the parent-child relationship. We will dismiss the appeal for want of jurisdiction.



THE CONTROVERSY



 Appellant Mary Ann Karnes and appellee William Drake Karnes were divorced in
Sutton County in 1988. At that time, William was ordered to pay child support in the amount of
$750.00 per month for their child, Katy Carra Karnes. On June 5, 1989, William filed a motion
to modify in a suit affecting the parent-child relationship in the Sutton County district court, requesting the trial court to enter an order modifying its divorce decree to reduce the
amount of court ordered child support payments. See Act of May 26, 1987, 70th Leg., ch. 744,
§ 8, 1987 Tex. Gen. Laws 2666, 2670 (Tex. Fam. Code Ann. § 14.08(c)(2), since amended)
(order or portion of decree may be modified if circumstances of child or person affected by order
or portion of decree to be modified have materially and substantially changed since its entry). 
Mary Ann filed a counter-motion requesting the court to order the amount of child support
payments increased and to modify the possessory conservator's visitation schedule. Pursuant to
Mary Ann's motion to transfer, the trial court rendered an order transferring the suit to the Travis
County district court. See Tex. Fam. Code Ann. § 11.06(b) (West 1986). Mary Ann
subsequently filed a first amended counter-motion in the Travis County district court. The cause
was heard on August 5, 1991. (1) Mary Ann failed to appear. The trial court heard William's
evidence, orally granted William's motion to modify, and reduced his child support obligation to
$300.00 a month. On August 26, 1991, Mary Ann filed a "motion to set aside default judgment
and in the alternative, motion for new trial." (2) On October 3, 1991, the trial court heard Mary
Ann's motion. On October 28, 1991, Mary Ann filed a motion for enforcement of prior order,
requesting the trial court to award judgment for unpaid child support in the amount of $1200.00. 
See Tex. Fam. Code Ann. §§ 14.31, .311(a), .313(b)(2), .41 (West Supp. 1993). On November
7, 1991, the trial court signed two orders: one denying Mary Ann's motion to set aside the
default judgment and motion for new trial, and the other modifying the divorce decree to reduce
William's monthly child support obligation. (3)
 Mary Ann appeals from the order modifying the
child support.



 DISCUSSION



 The order Mary Ann seeks to appeal from is not a final order. Mary Ann filed a
motion for enforcement of the prior order on October 28, 1991. This motion was filed before the
trial court signed its order of November 7, 1991, granting William's motion to modify, but after
the court had orally rendered judgment on August 5, 1991. Mary Ann's motion requests that the
trial court enforce its prior order (the original divorce decree) by awarding a monetary judgment
for unpaid child support in the amount of $1200.00. The record on appeal does not include a
ruling on the motion to enforce.

 Absent certain exceptions not applicable here, appellate courts can review only final
and definite judgments. A final judgment fully disposes of all issues and all parties in the lawsuit. 
Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); North E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966); Ferguson v. DRG/Colony North Ltd., 764 S.W.2d 874 877 (Tex.
App.--Austin 1989, writ denied). If an order is not a final appealable judgment, the appellate court
errs in assuming jurisdiction over the matter. Tullos v. Eaton Corp., 695 S.W.2d 568, 568 (Tex.
1985). The lack of appellate court jurisdiction is fundamental error and can be raised by the court
sua sponte. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990);
Wagner v. Warnasch, 295 S.W.2d 890, 893 (Tex. 1956) (authority of supreme court and courts
of appeals to take notice of unassigned errors is limited, but extends to fundamental errors of
jurisdiction). 

 This Court requested appellant to file a supplemental transcript containing the trial
court's order disposing of appellant's motion for enforcement of the prior order, with the Clerk
of this Court or, if the trial court did not dispose of the motion, to file a supplemental letter brief
addressing the effect, if any, of the filing of the motion for enforcement on the finality of the trial
court's order of November 7, 1991. Tex. R. App. P. 58 (b), 74(o). In a supplemental letter brief
to this Court, Mary Ann responded that no hearing on her motion to enforce was held. She states
that William reduced his child support payments following the trial court's oral rendition of
judgment. Mary Ann asserts that her motion for enforcement was based on the position that the
reduction was improper until an order was signed authorizing such a reduction. She argues that
when the trial court signed its November 7, 1991, order it, in effect, ruled on her motion by
including language that the reduction was rendered August 3, [sic] 1991. We disagree.

 The general rule is that when a judgment is rendered in a case regularly set for a
conventional trial on the merits, it is presumed for purposes of appeal that the court disposed of
all parties and issues properly before the court. Aldridge, 400 S.W.2d at 897-98. However, in
default judgments, no inference arises that claims pleaded are inferentially overruled by the
judgment granting only partial relief. See Houston Health Clubs, Inc. v. First Court of Appeals,
722 S.W.2d 692, 693 (Tex. 1986, orig. proceeding). Additionally, the trial court's order contains
no "Mother Hubbard" clause. See Aldridge, 400 S.W.2d at 898 (clause in judgment stating all
relief not expressly granted is denied). Nor does the record reflect that the motion for
enforcement was severed or non-suited. Tex. R. Civ. P. 41, 162. Thus, the trial court's order
of November 7, 1991, is interlocutory because it did not dispose of all issues before the court and,
therefore, is not a final appealable order. Accordingly, appellant's appeal is dismissed for want
of jurisdiction.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Dismissed for Want of Jurisdiction

Filed:   February 10, 1993

[Do Not Publish]

1. [1]  The trial court's order on the motion to modify recites that the cause was heard on August
5, 1991. The same order later recites that it was judicially pronounced and rendered on August
3, 1991, two days before the hearing. Our review of the record reveals that the hearing was held
on August 5, 1991, and that the trial court pronounced its judgment on that date. 
2. [2]  Pursuant to Tex. R. Civ. P. 306c, this motion is deemed timely filed.
3.   Although both orders were signed November 7, 1991, all subsequent references to the
November 7, 1991, order refer to the order modifying child support.