AMWEST SURETY INSURANCE
COMPANY, Appellant,

v.

**John Frank GRAHAM, Cherie Canion Graham, Leonel M. Valadez, and Zapata Ready Mix, Appellees.**

No. 04–95–00725–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 12, 1997.

Rehearing Overruled July 1, 1997.

Stephen K. Yungblut, Michelle I. Rieger, Wesly C. Maness, Ford & Nelson, P.C., Dallas, for Appellant.

H. Harman Camp, Selman & Camp, McAllen, Arturo A. Figueroa, Jr., County Attorney, Zapata, Susan Feller Heiligenthal, Bob Roberts, Law Offices of Bob Roberts, Austin, Arnulfo Gonzalez, Jr., Laredo, Christopher Fuller, Jane M. N. Webre, Scott, Douglass, Luton & McConnico, L.L.P., Austin, for Appellee.

Before LOPEZ, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

The issue presented in this appeal is whether a surety is liable on a supersedeas bond when the judgment for which the bond was issued is reversed on appeal for a procedural reason rather than on the merits. The trial court refused to release the supersedeas bond and instead ordered the surety to apply the proceeds of the bond to the new judgment that was rendered on remand. We reverse the trial court's order and render judgment in the surety's favor.

### FACTS

On July 20, 1992, John Frank Graham, Cherie Canion Graham, Leonel M. Valadez, and Zapata Ready Mix ("Graham") obtained

a judgment against Employers Casualty Company in the amount of $1,024,074.80, together with postjudgment interest and costs ("the 1992 Judgment"). Employers appealed and superseded enforcement of the 1992 Judgment by posting a supersedeas bond. In this bond, Employers and its surety, Amwest Surety Insurance Company, acknowledged themselves bound to pay the 1992 Judgment, together with interest and costs, "[c]onditioned that [Employers] shall prosecute the appeal with effect" and "in case the judgment of the Supreme Court or the Court of Appeals shall be against Employers Casualty Company, Employers Casualty Company shall perform its judgment or decree, and pay all such damages as the Court may award against Employers Casualty Company, liability not to exceed $1,239,130.50 plus costs as provided by law and any additional interest as provided by law."

On January 6, 1994, Employers was placed in receivership. On January 24, this court reversed the 1992 Judgment and remanded the case to the trial court. *Employers Cas. Co. v. Graham*, No. 04–92–00650–CV, slip op. at 5 (Tex.App.—San Antonio Jan. 26, 1994, writ denied) (not designated for publication) (attached as Appendix 1). The basis for this disposition was that, although "[t]he summary judgment order appear[ed] to be final, as evidenced by the Mother Hubbard clause," it "grant[ed] more relief than requested...." *Id.* On December 29, 1994, this court issued its mandate by which "the trial court's judgment [was] REVERSED and [the case was] REMANDED to the trial court."

On remand, Employers filed a motion requesting the trial court to release the supersedeas bond. After initially granting the motion, the trial court signed an "amended final judgment" ("the 1995 Judgment"), which Employers did not appeal, and ordered Amwest to apply $1,024,074.80 of the proceeds of the supersedeas bond to satisfy the 1995 Judgment. Amwest appealed.

### DISCUSSION

Under its sole point of error, Amwest argues that it was released from its obligations under the supersedeas bond as a matter of law as a result of this court's reversal of the 1992 Judgment; therefore, the trial court erred in ordering it to apply the proceeds of the bond to satisfy the 1995 Judgment. We agree.

A supersedeas bond is a contract by which a surety obligates itself to pay a final judgment rendered against its principal under the conditions stated in the bond. *See Trent v. Rhomberg*, 66 Tex. 249, 18 S.W. 510, 511–12 (1886). Supersedeas bonds are therefore construed as any other contract, and the cardinal rule of construction is to ascertain the intent of the parties. *Harrison v. Barngrover*, 118 S.W.2d 415, 418 (Tex.Civ. App.—Beaumont 1938, writ ref'd). Accordingly, "[t]he sureties are no further bound than they have contracted to be. They are given the simple justice of a literal interpretation of the language of their undertaking." *Trent*, 18 S.W. at 512; *see also Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex.1992); *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 266 (Tex.1979) (liability of surety determined by language of bond).

Amwest's specific undertaking was to provide a supersedeas bond that would suspend enforcement of the 1992 Judgment pending appeal. Therefore, in accordance with Rule 47, TEX.R.APP. P., Amwest promised to pay the 1992 Judgment, together with interest and costs, "conditioned that [Employers] shall prosecute [the] appeal ... with effect" and "in case the judgment of the Supreme Court or Court of Appeals shall be against Employers Casualty Company, Employers Casualty Company shall perform its judgment or decree, and pay all such damages as the Court may award against Employers Casualty Company, liability not to exceed $1,239,130.50 plus costs as provided by law and any additional interest as provided by law."

By conditioning the supersedeas bond as required by Rule 47, Amwest obligated itself to do two things: (1) to pay the 1992 Judgment if Employers did not prosecute the appeal "with effect" and (2) to pay any judgment that might be rendered against Employers by this court or the supreme court on appeal of the 1992 Judgment. *See Lloyds*

*Cas. Insurer v. McGee*, 141 Tex. 384, 174 S.W.2d 314, 316 (1943). Since it is undisputed that Amwest did not breach its promise to pay a judgment rendered against Employers by this court or the supreme court, since none was rendered, we are concerned here only with whether Amwest is liable on the bond because Employers failed to prosecute the appeal "with effect."

■■■ "As a general rule, when the appellant prosecutes his appeal with effect, the judgment is reversed, and the cause is remanded, with no sentence or decree to be performed by the appellant, or award of damages to be paid by him." *Harris v. Keoun*, 135 S.W.2d 194, 195 (Tex.Civ.App.—Waco 1939, writ ref'd) (quoting *Trent*, 18 S.W. at 511). When this occurs, the surety on the bond issued to secure payment of the reversed judgment is released and discharged as a matter of law; it is not liable for a new judgment rendered on remand. *See Blair v. Sanborn*, 82 Tex. 686, 18 S.W. 159, 160 (1892) (surety on cost bond released as a matter of law when judgment against its principal reversed on appeal, and surety not liable for judgment on remand for costs against other parties to original appeal); *see also Resolution Trust Corp. v. Chair King, Inc.*, 827 S.W.2d 546, 550 (Tex.App.—Houston [14th Dist.] 1992, no writ) ("case law clearly holds that, under the explicit language in a supersedeas bond, a surety is not liable where the judgment awarding damages is reversed on appeal");[1] *Wheeler v. Pavlic*, 290 S.W.2d 754, 757 (Tex.Civ.App.—Beaumont 1956, writ ref'd n.r.e.) (when judgment reversed and rendered, judgment debtor entitled to have cash deposit in lieu of supersedeas bond released to it); *Martinez v. Southwest Bitulithic Co.*, 119 S.W.2d 740, 742 (Tex. Civ.App.—San Antonio 1938) (appeal prosecuted with effect when judgment ordering foreclosure on homestead reversed and judg-

ment for damages affirmed; accordingly, "there can be no judgment on the supersedeas bond"), *rev'd on other grounds*, 135 Tex. 347, 143 S.W.2d 116 (1940); *accord Neeley v. Bankers Trust Co. of Texas*, 848 F.2d 658, 660 (5th Cir.1988) (applying Texas law) ("The bond is limited to any decree of the court of appeals; it does not include an entirely new judgment of the district court."); *Aetna Cas. & Sur. Co. v. LaSalle Pump & Supply Co.*, 804 F.2d 315, 318 (5th Cir.1986) (applying analogous Louisiana law) ("Nothing in the bond indicates an intent to be bound for payment of an entirely new judgment, rendered after a new trial."); *Harp v. American Sur. Co. of New York*, 50 Wash.2d 365, 311 P.2d 988 (1957) (reversal without more terminates surety's liability).

■■■ On the other hand, an appeal is not prosecuted "with effect" when it is dismissed for want of jurisdiction, because a dismissal operates as an affirmance. *McGee*, 174 S.W.2d at 316; *see also Trent*, 18 S.W. at 512 (appeal not prosecuted with effect when dismissed for want of prosecution); *Wooldridge v. Rawlings*, 14 S.W. 667, 668 (1890) (appeal not prosecuted with effect when dismissed for unknown cause); *cf. Ragsdale v. Progressive Voters League*, 730 S.W.2d 176, 178 (Tex.App.—Dallas 1987, no writ) (surety on cost bond in first appeal, which was dismissed for want of jurisdiction, liable on original cost bond for costs in second appeal); *see generally, e.g., International Ass'n of Machinists v. Federated Ass'n of Accessory Workers*, 133 Tex. 624, 130 S.W.2d 282, 283 (1939) (dismissal of appeal leaves trial court's judgment intact and operates as affirmance); 5 C.J.S., *Appeal & Error* § 1047 (1993) (while reversal constitutes prosecuting appeal "with effect," failure to perfect appeal is breach of this condition).

1. We recognize there is no opinion of the court in *Chair King* because each member of the panel filed a separate opinion. *See Chair King*, 827 S.W.2d at 552 (Sears, J., concurring), 554 (Robertson, J., dissenting). The issue upon which the panel members disagreed was whether the appellant's cash deposit in lieu of a supersedeas bond was available to satisfy the judgment on remand "where the appellant [became] insolvent during the appeal, and the appellate court affirm[ed] its liability, with only the amount of damages and certain attorney's fees to be determined on retrial...." *Id.* at 551, 553 (Sears, J., concurring), 555 (Robertson, J., dissenting). The panel members agreed, however, on the issue involved here—the surety is not liable on a supersedeas bond issued to secure a judgment that is reversed on appeal. *Id.* at 550, 552–53 (Sears, J., concurring), 554 (Robertson, J., dissenting).

In this case, it is beyond dispute that the 1992 Judgment was reversed.[2] But it is also clear that the reversal was not based upon the merits of Employers' appeal. Amwest therefore argues that the dispositive fact is the reversal, while Graham argues that the reversal is immaterial because it was not on the merits. No Texas case addresses this hybrid situation.[3] Indeed, we have found only one case in the United States that even comes close to doing so. *See Conston v. New Amsterdam Cas. Co.*, 366 Pa. 219, 77 A.2d 603 (1951) (per curiam).

In the first appeal in *Conston*, the Supreme Court of Pennsylvania determined that Conston had converted personal property of the plaintiffs. *Brooks v. Conston*, 359 Pa. 141, 142, 58 A.2d 463, 463 (1948) (per curiam). Accordingly, the court remanded the case to the trial court to determine the amount of restitution owed. *Id.* On remand, Conston filed an account, to which the plaintiffs filed numerous exceptions. *Id.* The trial court ruled on some but not all of the exceptions, and both the plaintiffs and Conston appealed. *Id.* at 463–64. Pending the second appeal, Conston superseded enforcement of the judgment with a $151,784 bond, for

which he deposited $80,000 as collateral. *Conston*, 77 A.2d at 603. The supreme court, however, found that " '[a] lengthy and complicated audit of [Conston's] account remains to be had after (these appeals are) decided' " and declined to render an advisory opinion. *Brooks*, 58 A.2d at 464. Instead, the court "[f]or the procedural reasons indicated, . . . set aside the orders of the court, without prejudice," and remanded the case to the trial court to "comply with [the supreme court's] decree." *Id.*

After the supreme court issued its opinion, Conston demanded that his surety release the collateral he had deposited to secure his supersedeas bond in the second appeal. *Conston*, 77 A.2d at 604. The surety refused, asserting that its liability "remained intact" because the supreme court had not passed upon "the propriety of the lower court's decision." *Id.* The trial court disagreed, ruling for Conston, and the supreme court affirmed. *Id.* "[T]he order directing [Conston] to pay having been set aside, plaintiffs no longer had a judgment against Conston. Hence, the condition in the bond that the appeal be prosecuted 'with effect,' was satisfied and

**2.** Graham does argue that "[t]his court did not reverse the award of damages for which the bond was indemnity" but only "the part of the judgment that purports to grant more than was asked, and remand it to the trial court for disposition of only those claims." But this argument is untenable; neither this court's opinion nor its mandate purports to effect a reversal of only part of the 1992 Judgment. *See, e.g., Price v. Gulf Atlantic Life Ins. Co.*, 621 S.W.2d 185, 187 (Tex. Civ.App.—Texarkana 1981, writ ref'd n.r.e.) ("when an appellate court remands a case for further proceedings and the mandate is not limited by specific instructions, the effect is to remand the case to the lower court for a new trial on all issues of fact, and the case is reopened in its entirety").

Graham also argues that this court actually dismissed Employers' appeal for want of jurisdiction, as the majority opinion states in *Amwest Sur. Ins. Co. v. Flores*, No. 04–95–00568–CV, 1995 WL 624618 (Tex.App.—San Antonio Oct.25, 1995, orig. proceeding) (not designated for publication) (attached as Appendix 2). But this statement is simply incorrect, as clearly demonstrated by the court's opinion, which expressly recognized that the judgment was final and appealable and not subject to dismissal under *Mafrige*, and its mandate, which expressly reversed the 1992 Judgment and remanded the case to the trial court. Indeed, had the court not acquired juris-

diction over Employers' appeal, it would have had no jurisdiction to reverse the judgment; it could have only dismissed Employers' appeal. *E.g., Dimerling v. Grodhaus*, 152 Tex. 548, 261 S.W.2d 561 (1953) (per curiam).

**3.** Amwest refers us to *Edlund v. Bounds*, 842 S.W.2d 719 (Tex.App.—Dallas 1992, writ denied), but that case is inapposite. In *Edlund*, the court of appeals affirmed the trial court's judgment insofar as it granted a recovery to Bounds on a promissory note signed by Edlund but reversed the judgment against Edlund on his conversion counterclaim. *Id.* at 732. As a result of its reversal of a part of the trial court's judgment, the court held that its resulting judgment was not final and released the surety on Edlund's supersedeas bond. *Id. Edlund* thus does not involve the situation here—a judgment that was reversed in its entirety for a reason other than the merits of the appeal.

The case to which Graham refers us—*Gilchrist v. Bandera Elec. Co-op.*, 924 S.W.2d 388 (Tex. App.—San Antonio, writ requested)—is likewise inapposite. *Gilchrist* simply represents another instance in which this court reversed a summary judgment that granted more relief than requested in the motion; it does not address the viability of a supersedeas bond following a reversal of the judgment the bond was issued to secure.

Conston was entitled to the collateral deposited." *Id.* The supreme court thus held that setting aside the judgment extinguished the surety's liability—even though that disposition was not on the merits but for "procedural reasons."

As *Conston* makes clear, the issue is not whether review is on the merits but whether the judgment is affirmed, either expressly or by virtue of a dismissal of the appeal, or reversed. This rule is a necessary corollary of the fact that the surety on a supersedeas bond does not promise to pay any judgment entered in a particular case; it bonds a "particular judgment." *Kulhanjian v. Moomjian,* 105 So.2d 783, 785 (Fla.1958); *cf. Howze,* 584 S.W.2d at 265–66 (distinguishing between "particular judgment" bond and "general undertaking" bond). As demonstrated by *Conston,* when that particular judgment is reversed, vacated, or set aside on final appeal, whether on the merits or otherwise, the appeal is prosecuted "with effect," and the surety is released.

We therefore hold that when the mandate issued reversing the 1992 Judgment, Employers prosecuted its appeal "with effect," and Amwest was discharged from its obligations under the supersedeas bond as a matter of law. To hold otherwise would violate the rule established by our own supreme court that "[t]he sureties are no further bound than they have contracted to be. They are given the simple justice of a literal interpretation of the language of their undertaking." *Trent,* 18 S.W. at 512. Amwest simply cannot be held liable on the supersedeas bond issued to secure payment of the 1992 Judgment when that judgment was reversed on appeal. *See Sanborn,* 18 S.W. at 160 (surety on cost bond issued to secure payment of costs on appeal of original judgment not liable for costs on remand when original judgment reversed on appeal); *accord Neeley,* 848 F.2d at 660 (surety on supersedeas bond issued to secure payment of original judgment not liable for new judgment entered on remand when original judgment reversed on appeal).

## Conclusion

By obtaining a reversal of the 1992 Judgment, Employers prosecuted its appeal "with effect." Accordingly, as a matter of law and the undisputed facts, Amwest did not breach its obligations under the supersedeas bond, and it cannot be held liable thereon. The trial court's order instructing Amwest to apply the proceeds of the supersedeas bond to satisfy the 1995 Judgment is therefore reversed and judgment is rendered in favor of Amwest, which is fully and finally released and discharged from its obligations under the supersedeas bond issued to secure payment of the 1992 Judgment (Bond No. 015000775). In addition, judgment is rendered in favor of Amwest and its surety in this appeal, Allstate Insurance Company, and they are fully and finally released and discharged from their obligations under the supersedeas bond issued to secure the trial court's order (Bond No. 015000775). Finally, in accordance with Rule 89, Tex.R.App. P., costs are assessed against John Frank Graham, Cherie Canion Graham, Leonel M. Valadez, and Zapata Ready Mix.

LOPEZ, Justice, concurring.

Although I concur in the results of the majority opinion, I write separately to clarify the effect of the prior opinion from this court. Contrary to appellee's assertions, this court did not dismiss the appeal for lack of jurisdiction, nor did we limit the reversal to only certain issues. *Employers Casualty Co. v. Graham,* No. 04–92–00650–CV (Tex.App.— San Antonio Jan. 26, 1994, writ denied) (not designated for publication).

This court's opinion in cause number 04–92–00650–CV states

The summary judgment order appears to be final, as evidenced by the Mother Hubbard clause. The judgment, however, grants more relief than requested: In essence, the summary judgment motions addressed only whether Zapata and its driver had insurance coverage. The summary judgment motions, however, did not address whether Employers was negligent, grossly negligent, or violated the DTPA by denying coverage to Zapata and its driver:

all contentions raised by the Graham–Zapata petition.

We determined that the judgment issued by the trial court had granted more relief than requested under the cross motions for summary judgment. The substantive issues of the underlying case should not have been determined in the motion for summary judgment. Therefore, under *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993), we were required to reverse and remand the case. Because the remand was not limited to correct technical or procedural issues only, and liability had not been established in the prior record, the bond should have been released. *See Resolution Trust Corp. v. Chair King, Inc.,* 827 S.W.2d 546, 550 (Tex.App.—Houston [14th Dist.] 1992, no writ); *accord Neeley v. Bankers Trust Co. of Texas,* 848 F.2d 658, 660 (5th Cir.1988).

Even though the result is a very harsh one for the plaintiff, I have no other option but to follow the law.

### APPENDIX 1

### COURT OF APPEALS
### FOURTH COURT OF APPEALS DISTRICT OF TEXAS
### SAN ANTONIO

**OPINION**

Appeal No. 04–92–00650–CV

Employers Casualty Company, Appellant

v.

John Frank Graham, Cherie Canion
Graham, Leonel M. Valadez, and
Zapata Ready Mix, Appellees

Appeal from the 49th District Court of Zapata County Trial No. 2768 Honorable Manuel R. Flores, Judge Presiding.

Opinion by: Alma L. Lopez, Justice

Sitting: Alfonso Chapa, Chief Justice, concur with results

Orlando Garcia, Justice

Alma L. Lopez, Justice

Delivered and Filed: January 26, 1994

REVERSED & REMANDED.

An insurance company appeals from a summary judgment which established its liability pursuant to an insurance contract. We reverse the summary judgment and remand to the trial court.

### FACTS

Vidaurri Trucking Company (Vidaurri) had been hired to build a road and to clear a pad for an oil drilling rig. To complete the job, Vidaurri hired Zapata Ready Mix (Zapata) to haul caliche to the work site. One day at the work site, a Zapata truck ran over John Graham thereby injuring him. Graham and his wife sued Vidaurri and Zapata for negligence claiming respondeat superior and loaned servant. The trial court granted Vidaurri's motion for summary judgment and severed the cause of action from the remaining claim against Zapata. A bench trial resulted in a $520,000.00 judgment against Zapata and the truck driver.

Vidaurri was insured by—Employers Casualty Company (Employers) Employers denied coverage to Zapata. The Grahams, Zapata, and the Zapata truck driver filed suit against Employers for negligence and breach of contract for denying coverage and for failing to provide a defense.

The Grahams and Zapata filed a motion for summary judgment addressing Employers' liability pursuant to Vidaurri's insurance contract and Texas motor carrier law; the motion was denied. Employers filed a motion for summary judgment asserting collateral estoppel. The Grahams and Zapata filed a motion to reconsider their motion for summary judgment. The trial court considered the motion to reconsider and Employers' motion for summary judgment together. The Graham–Zapata summary judgment motion (Zapata summary judgment motion) was granted but Employers' motion for summary judgment was denied.

Employers files this appeal.

### APPELLATE JURISDICTION

Employers alleges the trial court erred by granting Zapata's summary judgment and by failing to grant its motion for summary judgment.

"In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent a severance." *Mafriae v. Ross*, 37 Tex. Sup.Ct. J. 82, 83 (Oct. 27, 1993) (citation omitted).

Jurisdiction can neither be conferred by agreement nor waived. *Duncan v. Tweedy*, 582 S.W.2d 614, 615 (Tex.Civ.App.—Dallas 1979, no writ). "The question of jurisdiction is fundamental and can be raised at any time." *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex.1985). It is reversible error for an intermediate appellate court to erroneously exercise its jurisdiction. *See Tullos*, 695 S.W.2d at 568–69. Therefore, we consider whether this cause is a final, appealable summary judgment.

The Grahams, Zapata, and the Zapata truck driver pleaded in their Second Amended Original Petition that by denying Zapata and the truck driver coverage for Graham's claim and by failing to provide a defense, Employers "committed acts of negligence, negligence per se violations of Texas Deceptive Trade Practice and Unfair Claim Practices Acts, failure to act in good faith and deal fairly required in connection with insurance contracts, and gross negligence and breach of contract in Zapata County, Texas." The plaintiffs prayed for both actual and exemplary damages.

The Zapata summary judgment motion alleged that Zapata and its driver were insureds under Vidaurri's insurance contract pursuant to either the Texas motor carrier laws or pursuant to the contract's hired automobile endorsement.

Employers responded to Graham's motion for summary judgment by arguing the court was collaterally estopped from granting the motion: Vidaurri's summary judgment established that Zapata was an independent contractor. Consequently, Zapata was not a hired or leased vehicle pursuant to the hired automobile endorsement. Alternatively, Zapata factually does not fall within the hired automobile endorsement. Finally, article 911B at most makes Vidaurri liable for Zapata's negligent acts but does not make Employers the insurer of Zapata. Article 911B was not pleaded in the first cause of action; the finding of no liability collaterally estops this assertion now.

Employers filed a motion for summary judgment alleging the same collateral estoppel argument made in its response to Zapata's summary judgment motion.

The trial court denied Zapata's summary judgment motion not because of a question of law but because a fact issue exists. The Grahams and Zapata filed a motion to reconsider their motion for summary judgment. The trial court considered the motion to reconsider and Employers' summary judgment motion together. The Zapata summary judgment motion was granted but Employers' summary judgment motion was denied. The final judgment awarded the Grahams the $500,000.00 policy limit; attorney fees; prejudgment and post-judgment interest; and included a Mother Hubbard clause reciting "all relief not specifically granted herein is denied." [1]

The summary judgment order appears to be final, as evidenced by the Mother Hubbard clause. The judgment, however, grants more relief than requested: In essence, the summary judgment motions addressed only whether Zapata and its driver had insurance coverage. The summary judgment motions, however, did not address whether Employers was negligent, grossly negligent, or violated the DTPA by denying coverage to Zapata and its driver: all contentions raised by the Graham–Zapata petition.

The Texas Supreme Court has held that: If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. If the judgment grants more relief than re-

---

1. Recognized Mother Hubbard clauses include: all relief not expressly granted is denied; the summary judgment is granted as to all claims asserted by plaintiff; and plaintiff takes nothing against defendant. *See Mafriae v. Ross*, 37 Tex. Sup.Ct. J. at 83 n. 1.

quested, it should be reversed and remanded, but not dismissed.

*Mafrige,* 37 Tex. Sup.Ct. J. at 84. Consequently, we reverse and remand the cause.

ALMA L. LOPEZ,

Justice

APPENDIX 2

COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO

OPINION

Cause No. 04–95–00568–CV

Amwest Surety Insurance
Company, Relator,

v.

The Honorable Manuel R.
Flores, Respondent.

From the 49th District Court of Zapata County Trial Court No. 2768

*ON RELATOR'S PETITION FOR
WRIT OF MANDAMUS*

Opinion by: Catherine M. Stone, Justice

Concurring opinion by: Paul W. Green, Justice

Sitting: Alma L. Lopez, Justice

Catherine M. Stone, Justice

Paul W. Green, Justice

Delivered and Filed: October 25, 1995

PETITION FOR WRIT OF MANDAMUS
DENIED

The relator is the surety for a supersedeas bond. The issue in this original proceeding is whether the trial court, in applying the supersedeas bond to the amended final judgment. committed a clear abuse of discretion which provided no adequate remedy by appeal to the relator. We find that relator has an adequate remedy by appeal, therefore, we deny the petition for writ of mandamus.

Procedural History

On June 13, 1992, the trial court entered an interlocutory summary judgment in favor of plaintiffs, after which plaintiffs waived their remaining claims and requested entry of a final judgment. On July 20, 1992, the court entered a judgment captioned "Final Judgment" granting plaintiffs a million dollar money judgment against Employers Casualty Company. The judgment contained the briefest of "Mother Hubbard" clauses. After its motion for new trial was denied, Employers Casualty filed a supersedeas bond in the amount of $1,239,130.50 on December 3, 1992, seeking appellate review of the judgment. The record on appeal, however, did not include the motion for final judgment in which the waiver of other claims occurred. On January 27, 1994, this court reversed and remanded the case for want of jurisdiction because the judgment appeared to grant more relief than requested in the motion for summary judgment. Following a denial of plaintiffs' application for writ of error to the supreme court, our mandate to reverse and remand issued on December 29, 1994.

During the pendency of the appeal, Employers went into receivership, and a receiver appointed by the Texas Commissioner of Insurance made an appearance on behalf of Employers in the post-trial proceedings. In January 1995, Employers filed a motion to release the supersedeas bond and obtained an *ex parte* order to that effect from the trial court. On January 23, 1995, when plaintiffs received notice of the order releasing the bond, they immediately obtained a stay of the release from the court until the issue concerning the supersedeas bond could be properly determined.

Plaintiffs then filed another motion to enter final judgment. This motion again waived any remaining claims and sought entry of judgment based upon the summary judgment of June 13, 1992. This time, the judgment recited the waiver of plaintiffs' remaining claims, and incorporated the 1992 judgment into an amended final judgment which was entered on February 28, 1995. The time for appeal on the amended judgment expired and plaintiffs moved to apply the 1992 supersedeas bond to the amended

final judgment pursuant to the turnover statute,.tex. CIV. PRAC. & REM. CODE § 31.002(b)(2). Following a hearing at which counsel for the plaintiffs and the surety appeared, the trial court ordered the supersedeas bond applied to the 1995 judgment. On July 27, 1995, relator sought leave to file a petition for writ of mandamus to order the trial court to rescind its order of July 17, 1995, and to release the supersedeas bond to the surety. On August 4, 1995, relator also filed a notice of appeal.

## Standard of Review

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Jurisdiction by this avenue is available in limited circumstances and the burden of showing that these two requirements are met is a heavy one. *See Lutheran Social Serv., Inc. v. Meyers,* 460 S.W.2d 887, 889 (Tex.1970). The requirement of an inadequate legal remedy is met only when the parties are in danger of permanently losing substantial rights. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994).

## Adequate Remedy at Law

Shortly after filing the instant application for extraordinary relief, relator also perfected its appeal on the turnover order which is the subject of both proceedings pending in this court. Nevertheless, relator stated in its mandamus petition that it has no adequate remedy on appeal because if it does not comply with the turnover order it may be subject to contempt of court. *See Hennessy v. Marshall,* 682 S.W.2d 340, 343 n. 1 (Tex. App.—Dallas 1984, orig. proceeding) (writ issued in light of potential contempt proceedings for failure to obey void order). The *Hennessy* case is distinguishable on its facts. The relator in *Hennessy* had not perfected an appeal at the time the mandamus was submitted, as relator has done in this case.

Real parties concede that the surety has standing to appeal the turnover order. It is clear that third parties to a turnover pro-

ceeding have a right to appeal from a post-judgment turnover order to protect their affected property interests. *Schultz v. Fifth Judicial District Court of Appeals,* 810 S.W.2d 738, 740 (Tex.1991) (orig.proceeding); *International Paper Co. v. Garza,* 872 S.W.2d 18, 19 (Tex.App.—Corpus Christi 1994, orig. proceeding). Moreover, jurisdiction over any potential contempt proceedings for failure to obey Judge Flores' order lies with this court, not the trial court, while the appeal is pending. *See Schultz,* 810 S.W.2d at 740. No such proceedings have been instituted at this time. Consequently, the majority holds that relator has an adequate remedy at law. Petition for writ of mandamus is denied.

CATHERINE M. STONE

Justice

## *CONCURRING OPINION*

I am disturbed by the respondent's attempt to apply the relator's bond to a new judgment by way of a third-party turnover. Once the July 20, 1992 judgment secured by the relator's supersedeas bond was reversed by this court, *Employers Cas. Co. v. Graham,* No. 04–92–00650–CV (Jan. 26, 1994)(not designated for publication), there was no final judgment to secure—the relator's supersedeas bond was discharged as a matter of law. *See Edlund v. Bounds,* 842 S.W.2d 719, 732 (Tex.App.–Dallas 1992, writ denied)(surety discharged because there was no final judgment); *Resolution Trust Corp. v. Chair King, Inc.,* 827 S.W.2d 546, 550 (Tex.App.–Houston [14th Dist.] 1992, no writ)("a surety is not liable where the judgment awarding damages is reversed on appeal").

TEX. R. APP. 47 provides that execution on a final judgment may be suspended by the filing of "a good and sufficient bond ... conditioned that the judgment debtor shall prosecute his appeal ... with effect ..." The relator in this case has fully satisfied the conditions of its bond. The underlying appeal has been prosecuted "with effect;" the judgment was reversed by this court. The relator has no further obligation on the bond.

Real parties argue that the appeal was not prosecuted "with effect" because this court held that the underlying judgment was interlocutory and failed to reach the merits of the appeal, citing *Lloyds Cas. Insurer v. McGee*, 141 Tex. 384, 174 S.W.2d 314 (1943). Interestingly, *McGee* involves facts (and names) very similar to this case: McGee's judgment against the defendant, United Employers Casualty Company, was secured by a Lloyds Casualty supersedeas bond while it was being appealed. United Employers failed to timely perfect its appeal, leading to the dismissal of the appeal. By the time the appeal was dismissed, United Employers was insolvent. McGee then sought to collect his judgment against the supersedeas bond. The supreme court held that because United Employers had failed to prosecute its appeal with effect, Lloyds Casualty was liable on the bond for the amount of the judgment. *McGee*, 174 S.W.2d at 316. *McGee*, of course, is distinguishable because the judgment of the trial court was left intact—the appeal was simply dismissed. In this case, however, the judgment below was vacated; it was reversed and the entire cause was remanded, thus extinguishing the liability of the surety.

Under the circumstances of this case, the facts and law permitted the trial court to make but one decision—discharge the surety on the bond. There was no discretion to exercise in this instance. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). That notwithstanding, by signing the turnover order the respondent has erroneously facilitated the real parties' attempt to recover on a supersedeas bond already discharged by law. There is no basis in the facts or the law to support the respondent's action. Thus, it is a clear abuse of discretion. *Id.*

But in order to be eligible for mandamus relief, the relator must establish that it has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Johnson*, 700 S.W.2d at 917. That requirement has not been satisfied in this case. Indeed, the relator admits that it has appeal-

ed the turnover order made the basis of its complaint here.

As much as I disagree with the respondent's attempt to apply the relator's bond to the February 28, 1995 judgment, it is not subject to a mandamus order " 'where the law has provided another plain, adequate, and complete remedy.' " *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994)(quoting *Aycock v. Clark*, 94 Tex. 375, 60 S.W. 665, 666 (1901)).

Unfortunately, the turnover order is now on appeal; otherwise, I would hope that the trial court would reconsider its July 17, 1995 order in view of the authorities cited above. But at any rate, I am satisfied that the relator has an adequate remedy by appeal of the order and thus I concur with the denial of mandamus relief.

PAUL W. GREEN
Justice