**Affirmed and Majority and Concurring Opinions filed October 23, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00622-CV

## IN THE INTEREST OF E.H., A.H., AND E.H., CHILDREN

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11-FD-1631**

# C O N C U R R I N G   O P I N I O N

The trial court, acting under the Uniform Interstate Family Support Act, vacated the registration of an Israeli child-support judgment rendered against the children's father eighteen years earlier. The trial court based its ruling on the grounds that (1) the father was not properly served with process under Israeli law in the proceeding that led to the judgment; and (2) the father was not given notice reasonably calculated under all the circumstances to apprise him of the pendency of the Israeli proceeding and to afford him an opportunity to be heard in that proceeding. Though neither ground is expressly listed among the statute's exclusive grounds for vacating such a registration, one of the enumerated statutory

grounds encompasses each of the grounds found by the trial court. Because the evidence is sufficient to support the trial court's order based upon the latter ground regarding notice and opportunity to be heard, this court should affirm the trial court's order based on this ground.

**The Uniform Interstate Family Support Act's Exclusive Grounds for Contesting the Validity and Enforcement of Another Jurisdiction's Child-Support Judgment and for Vacating Registration of the Child-Support Judgment**

Appellant Shlomo Hamo is the father of three children. In June 2011, under the Uniform Interstate Family Support Act (hereinafter the "Uniform Act"), the Office of the Attorney General of Texas (hereinafter the "Attorney General") registered and sought to enforce in Texas a 1993 Israeli judgment ordering him to pay child support to the children's mother, Sarah Hamo.[1] After receiving notice of the registration of the Israeli judgment (hereinafter the "Judgment") in Texas, Shlomo timely contested the validity and enforcement of the Judgment in Texas and sought to vacate the registration of the Judgment.[2] Under the Uniform Act, a party contesting the validity or enforcement of a registered judgment or seeking to

---

[1] *See* Tex. Fam. Code Ann. § 159.601, *et seq.* (West 2014). To enforce a foreign-country judgment in Texas, a judgment creditor may (1) file a common-law action to enforce the judgment or (2) comply with an applicable statute that provides for enforcement of a foreign-country judgment in Texas. *See* Tex. Fam. Code Ann. § 159.104 (West 2014); *Don Docksteader Motors, Ltd v. Patal Enterprises, Ltd.*, 794 S.W.2d 760, 760–61 (Tex. 1990). Title 28, section 1738B of the United States Code and Chapter 35 of the Texas Civil Practice and Remedies Code do not apply to foreign-country judgments. *See* 28 U.S.C. §1738B(b); Tex. Civ. Prac. & Rem. Code Ann. § 35.001 (West 2014). Chapter 36 of the Texas Civil Practice and Remedies Code applies to certain foreign-country judgments but does not apply to foreign-country child-support judgments like the judgment at issue in the case under review. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.001(2) (West 2014). The Uniform Act provides a procedure for the registration, enforcement, and modification of child-support orders rendered by other American states or by foreign countries. *See* Tex. Fam. Code Ann. §§ 159.102(23) (West 2014), 159.601, *et seq.*

[2] *See* Tex. Fam. Code Ann. §§ 159.606, 159.607 (West 2014).

vacate the registration has the burden of proving one or more of the following defenses:

> (1) the issuing tribunal lacked personal jurisdiction over the contesting party;
> (2) the [judgment] was obtained by fraud;
> (3) the [judgment] has been vacated, suspended, or modified;
> (4) the issuing tribunal has stayed the [judgment] pending appeal;
> (5) there is a defense under the law of this state to the remedy sought;
> (6) full or partial payment has been made;
> (7) the statute of limitation under Section 159.604 precludes enforcement of some or all of the alleged arrearages; or
> (8) the alleged controlling order is not the controlling order.[3]

These eight grounds are the only defenses listed in the Uniform Act as potential bases for contesting the validity or enforcement of a registered judgment or seeking to vacate the registration of the judgment.[4] If, after notice and a hearing, the contesting party does not establish one or more of them, the Texas court in which the judgment has been registered shall issue an order confirming the judgment.[5] Confirmation of a registered judgment precludes further contest of the registered judgment with respect to any matter that could have been asserted at the time of registration.[6] The list of potentially available defenses does not include as

---

[3] *Id*. § 159.607. This court reviews the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, this court's objective is to determine and give effect to the Texas Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, this court must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, this court is to adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).

[4] *See id*.

[5] *Id*. § 159.607(c).

[6] *Id*. § 159.608 (West 2014).

an expressly identified ground that the issuing tribunal lacked jurisdiction over the subject matter. Nor does the list expressly identify as a ground that the contesting party did not receive notice reasonably calculated under the circumstances to apprise the contesting party of the pendency of the action and to afford that party a meaningful opportunity to be heard.[7]

**Trial Court's Reasons for Vacating the Registration of the Israeli Judgment**

Shlomo contested the validity and enforcement of the Judgment in Texas and sought to vacate registration of it on a number of grounds, including the following: (1) Shlomo was not properly served with process under Israeli law in the proceeding that led to the Judgment; and (2) Shlomo was not given notice reasonably calculated under all the circumstances to apprise him of the pendency of the Israeli proceeding and to afford him an opportunity to be heard in that proceeding. The trial court vacated the registration of the Judgment and denied the Attorney General's request to register the Judgment on each of these grounds. As noted, neither of these grounds is expressly identified in the Uniform Act's list of exclusive grounds for vacating registration.[8] Thus, in reviewing this order, an issue arises as to whether either of these grounds is a proper basis upon which a court may vacate registration of the Judgment.[9]

---

[7] *Compare id.* § 159.607(a) (not expressly stating either of these grounds), with Tex. Civ. Prac. & Rem. Code Ann. § 36.005(a) (providing as grounds for nonrecognition of certain foreign-country judgments that "the foreign country court did not have jurisdiction over the subject matter" and that "the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to defend").

[8] *See* Tex. Fam. Code Ann. §§ 159.607(a), 159.608.

[9] Shlomo did not argue in the trial court or on appeal that, to the extent that the Uniform Act does not allow him to assert either of these grounds as a basis for vacating registration of the Judgment, the statute is unconstitutional.

**Failure to Have the Defendant Properly Served With Process as a Proper Basis for Vacating Registration of the Judgment Under Subsection (1) or (5) of Texas Family Code Section 159.607**

Except as expressly provided by law, Texas courts may not render judgment against a defendant unless that defendant has been properly served with process, waived service of process, or appeared in the lawsuit.[10] If, as Shlomo asserts, he did not appear in the Israeli lawsuit, waive service of process, or receive proper service of process, then there would be a defense under Texas law to the remedy granted in the Judgment and Shlomo would have a defense under Texas Family Code section 159.607(a)(5).[11]

Uncontroverted evidence of Israeli law on these points indicated that Israeli law is the same as Texas law. Therefore, if Shlomo did not appear in the Israeli lawsuit, waive service of process, or receive proper service of process, then under Israeli law, the Israeli court lacked personal jurisdiction over Shlomo when it rendered the Judgment, and Shlomo would have a defense under section 159.607(a)(1).[12]

Though not expressly stated in Texas Family Code section 159.607(a), if Shlomo did not appear in the Israeli lawsuit, waive service of process, or receive

---

[10] *See* Tex. R. Civ. P. 124; *Dodd v. Twin City Fire Ins. Co.*, 545 S.W.2d 766, 770 (Tex. 1977).

[11] *See* Tex. Fam. Code Ann. § 159.607(a)(5). Unless otherwise stated, all statutory references in this opinion are to the Texas Family Code.

[12] *See* Tex. Fam. Code Ann. § 159.607(a)(1). In cases involving language in the Uniform Foreign Money-Judgments Recognition Act substantially similar to the language in section 159.607(a)(1), some courts have inquired both as to whether the foreign court had personal jurisdiction over the defendant under the foreign court's law and whether the foreign court's exercise of personal jurisdiction over the defendant would have satisfied the federal-due-process, minimum-contacts test of *International Shoe Company v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) and its progeny. *See Evans Cabinet Corp. v. Kitchen Int'l, Inc.*, 593 F.3d 135, 142–43 & n. 10 (1st Cir. 2010). Shlomo has not asserted that the Israeli court's exercise of personal jurisdiction over him would violate federal due process if the *International Shoe* test were applied. Therefore, that issue is not present in this appeal.

proper service of process, then he would have defenses under both section 159.607(a)(1) and section 159.607(a)(5).

**Failure to Give the Defendant Notice Reasonably Calculated to Apprise Him of the Pendency of the Israeli Proceeding and to Afford Him an Opportunity to be Heard as a Proper Basis for Vacating Registration of the Judgment Under Section 159.607(a)(5)**

Federal due process requires that, in any proceeding to be accorded finality, a defendant must receive notice reasonably calculated under the circumstances to apprise the defendant of the pendency of the action and to afford the defendant a meaningful opportunity to be heard (hereinafter "Reasonable Notice").[13] If Shlomo did not receive Reasonable Notice, the issue arises as to which, if any, of the defenses listed in section 159.607(a) encompasses such a due-process violation.

The manner in which service of process is effected on a defendant may result in service defects that make the service invalid and a default judgment against that defendant subject to being set aside within a certain period of time under state procedural law. In addition to this defective service that would prevent the trial court from obtaining personal jurisdiction over a defendant who does not appear or waive service,[14] constitutional due process may have been violated because the defendant did not receive Reasonable Notice.[15] Such cases involve defective service of process, lack of personal jurisdiction, and a violation of constitutional due process.

---

[13] *See Peralta v. Heights Med. Center, Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899, 99 L.Ed.2d 75 (1988).

[14] As noted above, there may be other exceptions expressly provided by statute under which a court may have personal jurisdiction over a defendant without service of process, waiver of service, or an appearance. *See* Tex. R. Civ. P. 124.

[15] *See In re E.R.*, 385 S.W.3d 552, 563–67 (Tex. 2012) (concluding that service of process by publication in parental-termination suit on mother whose identity was known was both invalid under state procedural law and violated constitutional due process).

Despite service defects that prevent the trial court from obtaining personal jurisdiction over a defendant who does not appear or waive service,[16] constitutional due process may have been satisfied because the defendant received Reasonable Notice.[17] Such cases involve defective service of process and lack of personal jurisdiction, but no violation of constitutional due process.

The manner in which service of process is effected on a defendant may be in full compliance with state procedural law such that service is valid and a default judgment against that defendant is not subject to being set aside based on improper service of process. Yet, despite this compliance with the law of service of process, and despite the trial court's having obtained personal jurisdiction over the defendant, constitutional due process may have been violated because the defendant did not receive Reasonable Notice. Such cases involve a violation of constitutional due process without any defects in service of process or lack of personal jurisdiction.[18] Thus, the touchstone of this due-process requirement is

---

[16] As noted above, there may be other exceptions expressly provided by statute under which a court may have personal jurisdiction over a defendant without service of process, waiver of service, or an appearance. *See* Tex. R. Civ. P. 124.

[17] *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–74 (Tex. 2012) (concluding that defendant could not collaterally attack default judgment because, even if there were defects in the service of process under state procedural law, none of these alleged defects involved a failure to receive Reasonable Notice that would violate constitutional due process).

[18] The absence of a complete one-to-one correspondence between the existence of personal jurisdiction and a defendant's receipt of Reasonable Notice is also reflected in other contexts. For example, constitutional due process may be violated by a failure to give notice and an opportunity to be heard to interested parties in *quasi in rem* or *in rem* proceedings, as well as in proceedings in which the claimant seeks relief against the defendants *in personam*. *See U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 48–57, 114 S. Ct. 498–503, 126 L.Ed.2d (1993). In addition, if a defendant has appeared in a lawsuit, and thus the trial court has personal jurisdiction over that defendant, the rendition of a judgment against that defendant without the defendant having received notice of the trial setting violates the defendant's due process right to reasonable notice and a meaningful opportunity to be heard. *See In re K.M.L.*, No. 12-0728, 2014 WL 4252270, at *14 (Tex. Aug. 29, 2014). Nonetheless, that due-process violation does not deprive the trial court of personal jurisdiction over the defendant who did not receive notice of the trial setting. *See id*.

Reasonable Notice rather than personal jurisdiction, although in many cases each may be present or absent.[19]

If Shlomo did not receive Reasonable Notice, there is a defense under Texas law to the remedy in the Judgment because under both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and under the due course of law provision of the Texas Constitution, the failure to receive Reasonable Notice is a constitutional violation that prevents enforcement of the relief awarded in the Judgment.[20] Therefore, if Shlomo did not receive Reasonable Notice, he would have a defense under section 159.607(a)(5).[21]

**Sufficiency of the Evidence to Support the Trial Court's Findings**

The record contains sufficient evidence to support the trial court's findings that Shlomo did not receive Reasonable Notice and that his due-process rights were violated. Therefore, this court may affirm the trial court's order without addressing whether the evidence is sufficient to support the trial court's findings regarding service of process under Israeli law.

---

[19] Texas jurisprudence is still developing as to the circumstances under which a defendant may collaterally attack a default judgment based on issues regarding service of process or Reasonable Notice. The Supreme Court of Texas has stated that such a collateral attack is available if there was "a complete failure or lack of service" that violates due process. *See PNS Stores, Inc.*, 379 S.W.3d at 274; *In re E.R.*, 385 S.W.3d at 566. Thus, this kind of collateral attack appears to be available when the defendant shows a violation of constitutional due process based on failure to receive Reasonable Notice, rather than when service of process is only defective, depriving the trial court of personal jurisdiction.

[20] *See* Tex. Fam. Code Ann. §§ 159.607(a)(5); *In re E.R.*, 385 S.W.3d at 563–67 & n.25.

[21] *See* Tex. Fam. Code Ann. § 159.607(a)(5); *Office of the Attorney General v. Buhrle*, 210 S.W.3d 714 (Tex. App.—Corpus Christi 2006, pet. denied) (concluding that argument that order was too vague to be enforced was a defense to the remedy sought under section 159,607(a)(5)). For this reason, the court need not address whether this ground may properly be asserted under section 159.607(a)(1).

## Conclusion

Though lack of proper service is not expressly identified in the list of grounds set forth in section 159.607(a), if Shlomo did not appear in the Israeli lawsuit, waive service of process, or receive proper service of process, then he would have defenses both under section 159.607(a)(1) and under section 159.607(a)(5). Likewise, though lack of Reasonable Notice is not expressly stated in section 159.607(a), if Shlomo did not receive Reasonable Notice, then he would have a defense under section 159.607(a)(5). Because the record contains sufficient evidence to support the trial court's findings that Shlomo did not receive Reasonable Notice and that his due-process rights were violated, this court may affirm the trial court's order based on this ground, without addressing whether the evidence is sufficient to support the trial court's findings regarding service of process under Israeli law.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Wise, J., majority).