**Vacate Judgment and Dismiss the Case and Opinion Filed March 3, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00898-CV**

**IN THE INTEREST OF J.S., A CHILD**

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 104418-CC**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

J.S.'s mother appeals the termination of the parent–child relationship between her and J.S. A jury found the Texas Department of Family and Protective Services proved statutory grounds under paragraphs (D), (E), (N), (O), and (P) of section 161.001(b)(1) of the Family Code and proved that termination was in the child's best interest. TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), and (P); *id.* § 161.001(b)(2). Mother brings six issues on appeal contending the evidence was legally and factually insufficient to prove the statutory grounds, the evidence was legally and factually insufficient to prove termination was in the child's best interest, and the trial court abused its discretion by admitting evidence of drug tests showing she, the child, and the child's father tested positive for methamphetamine. We

questioned whether the trial court's jurisdiction expired under section 263.401(a) of the Family Code before the trial and judgment, and we asked the parties to submit briefs concerning the trial court's jurisdiction. We conclude the trial court's jurisdiction expired on February 8, 2021, and the trial court had no jurisdiction to render the judgment in this case signed September 20, 2021. We vacate the trial court's judgment and dismiss the case for want of subject-matter jurisdiction.

## JURISDICTION UNDER FAMILY CODE SECTION 263.401

"A judgment is void when it is apparent that the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act." *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (internal punctuation omitted). Appellate courts have jurisdiction to determine whether an order or judgment underlying the appeal is void and to make appropriate orders based on that determination. *In re P.Z.F.*, No. 05-21-00161-CV, 2021 WL 3941667, at *2 (Tex. App.—Dallas Sept. 2, 2021, pet. denied).

The question of jurisdiction is fundamental and may be raised at any time, including on appeal. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985) (per curiam). The court of appeals must ascertain its own jurisdiction.

The supreme court has stated,

The Texas Legislature enacted Texas Family Code section 263.401 to encourage prompt resolution of suits in which the Department of Family and Protective Services requests termination of the parent–child relationship or requests that the Department be named conservator of a child. Section 263.401 does this by requiring trial courts presiding over such suits to commence the trial on the merits within one year after the

–2–

initial temporary order. In extraordinary circumstances defined in section 263.401(b), trial courts may extend that one-year deadline, or "dismissal date" in the parlance of the statute. But if the trial court neither commences trial by the dismissal date nor extends it in accordance with section 263.401(b), the statute dictates a dire consequence: the trial court's jurisdiction over the suit "is terminated and the suit is automatically dismissed."

*Interest of G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021) (quoting FAM. § 263.401(a)).

Under section 263.401, subsection (a) provides that the trial court's jurisdiction over the Department's suit is terminated on the first Monday following the first anniversary of the Department's appointment as temporary managing conservator. *See* FAM. § 263.401(a). If the trial does not commence on or before that date, then the suit is automatically dismissed. *Id.*

Subsection (b) provides a way to extend the dismissal date by up to 180 days. Subsection (b) provides:

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds

that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and

that continuing the appointment of the department as temporary managing conservator is in the best interest of the child.

If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not

–3–

commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

*Id.* § 263.401(b) (paragraph structuring in first sentence added).

Under this statute, the trial court may commence the trial after the initial dismissal date by following a two-step process. First, the court must take action to retain the case on the court's docket after the initial dismissal date. The court does this by making two findings before the initial dismissal date: (1) "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department," and (2) "that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* If the trial court makes these two findings before the end of the initial dismissal date, then the court retains jurisdiction of the case for up to 180 days after the initial dismissal date. *Id.* If the trial court does not make these findings before the end of the initial dismissal date, then the trial court's jurisdiction is terminated and the case is automatically dismissed. *Id.* § 263.401(a). s*ee G.X.H.*, 627 S.W.3d at 301 ("trial court's failure to timely extend the automatic dismissal date before that date passes . . . is jurisdictional"). The court also sets the date of the new dismissal date (which must be no later than 180 days after the initial dismissal date), sets the date for the

–4–

trial to commence, and makes any necessary temporary orders for the child's safety and welfare. These actions are not jurisdictional, and the trial court's defects in performing them are subject to being waived if not timely objected to. *See G.X.H.*, 627 S.W.3d at 301.

The findings necessary to keep the case on the docket—extraordinary circumstances and best interest of the child—are best made in writing in written findings or in an order, but they may also be made "orally on the record or in some other writing." *Id.* at 299. The supreme court has recognized only one situation in which the making of the findings may be presumed, and that is when the trial court grants an extension after holding a hearing and there is no reporter's record of the hearing. *Id.*

In this case, the Department filed a petition to terminate the parents' parental rights on February 4, 2020. The trial court appointed the Department to be the child's temporary managing conservator the same day. The first Monday after the first anniversary of February 4, 2020, was February 8, 2021, which was the initial dismissal date for the Department's suit for termination.

The "Case Summary" in the clerk's record shows the case was set for trial on February 8, 2021.[1] The reporter's record for the hearing on that date shows the trial did not commence. Instead, the parents each requested a jury trial. The trial court

---

[1] Unless otherwise specified, all dates hereafter in this opinion are in the year 2021.

conferred off the record with the parties' attorneys and then announced on the record that the parents would receive a jury trial and that the trial would take place on June 14. The attorney for the Department asked the court to make findings so the case could be retained on the court's docket:

> [Department's attorney]: . . . Given the new orders on the plan, the timeline for the case, I'm asking that the Court find that it's in the child's best interest to remain in the care of the Department and extend the case so that it can be officially retained on the Court's docket.
>
> The Court: Any objection?
>
> [Father's attorney]: No objection, Judge.
>
> [Mother's attorney]: No objection.
>
> The Court: All right. I will find that it's in the best interest of the child for this case to be extended, that the child remain in its current placement and that the Department remain as the temporary managing conservator of the child.
>
> The new dismissal date will be—
>
> [Department's attorney]: It would be 180 days from today.
>
> The Court: Yes, 180 days from today.

On March 30, the trial court signed an order finding "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the Department," "that continuing the appointment of the Department as temporary managing conservator is in the best interest of the child," setting the new dismissal date for August 7 (which was 180 days after February 8), and setting the case for trial on June 14. The jury trial was held on June 14 and 15, which was less than 180 days after February 8.

Because the initial dismissal date was February 8, the trial court's written findings on March 30 came too late to extend the jurisdictional period and maintain the case on the court's docket. Thus, the question is whether the trial court's oral findings on the record on February 8 were sufficient to satisfy the requirements of section 263.401(b) and thereby extend the jurisdictional period and maintain the case on the court's docket.

The court orally made this finding during the February 8 hearing: "I will find that it's in the best interest of the child for this case to be extended, that the child remain in its current placement and that the Department remain as the temporary managing conservator of the child." This finding may satisfy the requirement that the court find "that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." But it does not satisfy the requirement that the court find "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department." A finding that it is in the child's best interest for the case to be extended and for the Department to remain as temporary managing conservator is not a finding of extraordinary circumstances as required by subsection (b).

The Department argues that the trial court made the extraordinary-circumstances finding on March 30 and that Mother waived the timing of making the finding by not objecting in the trial court. The Department relies on *G.X.H.* in support of this argument. In *G.X.H.*, the supreme court distinguished

–7–

between the findings necessary to maintain the case on the trial court's docket and the orders necessary to reset the trial date, which are numbered (1), (2), and (3) in subsection (b). The supreme court said:

> we conclude that, while a trial court's failure to timely extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is jurisdictional, claimed defects relating to the other requirements of 263.401(b) are not. Accordingly, with the exception of a trial court's failure to extend the automatic dismissal date before it passes, complaints regarding the trial court's compliance with the requirements in subsection (b) must be preserved for appellate review.

*G.X.H.*, 627 S.W.3d at 30. The findings of extraordinary circumstances and best interest are the actions necessary "to timely extend the automatic dismissal date before that date passes," which the supreme court said were jurisdictional. What the supreme court said were not jurisdictional were the other requirements of subsection (b), including setting the new dismissal date and date of trial and rendering any necessary temporary orders. Those latter requirements are not jurisdictional, and "complaint regarding the trial court's compliance with [those requirements] must be preserved for appellate review." *Id.* ("[W]e hold their complaints regarding the timing and form of the order resetting the trial and dismissal dates are waived."). But the trial court's failure to make the extraordinary-circumstances and best-interest findings are jurisdictional and not subject to waiver.

Section 263.401(a) and (b) clearly mandate that at the end of the initial dismissal date, if the trial on the merits has not commenced, the trial court's jurisdiction is terminated and the suit for termination is dismissed unless the trial

–8–

court has made both findings required by subsection (b). In this case, the record does not show that the trial court, before the end of the initial dismissal period on February 8, commenced the trial or made the finding "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department." Therefore, at the end of February 8, the trial court's jurisdiction terminated and the case was automatically dismissed.[2] The trial court had no jurisdiction over the case when it signed the judgment on September 20, 2021, and that judgment is void.

When a party appeals a void judgment due to lack of subject-matter jurisdiction, we have jurisdiction to vacate the judgment and dismiss the case for lack of subject-matter jurisdiction. *Pappas v. Shamoun & Norman, LLP*, No. 05-16-01405-CV, 2018 WL 2749691, at *3 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op.); *Duggan v. Tanglewood Villa Owners Ass'n*, No. 05-16-00300-CV, 2017 WL 2610032, at *2–3 (Tex. App.—Dallas June 16, 2017, no pet.) (mem. op.); *see Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("appellate courts do not have jurisdiction to address the merits of appeals from void orders or

---

[2] The Texas Supreme Court's Thirty-Third Emergency Orders Regarding the COVID-19 State of Disaster, which was effective from January 14, 2021, to April 1, 2021, permitted trial courts to extend deadlines, but the order said trial courts could "extend the initial dismissal date as calculated under Section 263.401(a) only as provided by Section 263.401(b) or (b-1)." *See Thirty-Third Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 179, 180 (Tex. Jan. 14, 2021) (mem.). Nothing in the emergency order shows the extensions were automatic. As discussed above, there was no order in this case extending the dismissal date "as provided by Section 263.401(b)."

judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination").

## CONCLUSION

Because the trial court lacked subject-matter jurisdiction over this case after February 8, 2021, we vacate the trial court's judgment signed September 20, 2021, and we dismiss the case for lack of subject-matter jurisdiction.

210898f.p05

/Lana Myers/

LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF J.S., A
CHILD

No. 05-21-00898-CV

On Appeal from the County Court At
Law No. 1, Kaufman County, Texas
Trial Court Cause No. 104418-CC.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, we **VACATE** the judgment signed September 20, 2021, and **DISMISS** the cause for lack of subject-matter jurisdiction.

Judgment entered this 3rd day of March, 2022.